

# The Attorney General of Texas

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

August 15, 1986

Honorable Sam D. Millsap, Jr.
Criminal District Attorney
Bexar County Courthouse
San Antonio, Texas    78205

Opinion No.   JM-532

Re:   Duty of institutions licensed
under article 4442c, V.T.C.S., to
provide a minimum diet to residents

Dear Mr. Millsap:

You inquire whether an institution licensed under article 4442c, V.T.C.S., has a duty imposed by statute to provide a minimum diet to its residents. Your question is raised by the fact that the existence of such a duty is relevant to a prosecution of assault by omission under section 22.01(b) of the Penal Code.

Article 22.01 cf the Penal Code provides, in part, that

(a) A person commits an offense if the person:

(1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse; or

(2) intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse; or

(3) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.

(b) An offense under Subsection (a)(1) of this section is a Class A misdemeanor unless the offense is committed by the owner or an employee of an institution described in Subsection (a), Section 2, Chapter 413, Acts of the 53rd Legislature, Regular Session, 1953, as amended (Article 4442c, Vernon's Texas Civil Statutes), or a person providing medical or psychiatric treatment at an institution described in that subsection, and the

> offense is committed by causing bodily injury to a
> patient or resident of an institution described in
> that subsection, in which event the offense is a
> felony of the third degree.

Under the Penal Code, "conduct" includes an act or omission and "omission" means failure to act. Penal Code §1.07(a)(8)(23). A person commits an offense only if he voluntarily engages in conduct, including an act, an omission, or possession. Penal Code §6.01(a). A person who omits to perform an act does not commit an offense unless a statute provides that the omission is an offense or otherwise provides that he has a duty to perform the act. Penal Code §6.01(c). See Ronk v. State, 544 S.W.2d 123, 125 (Tex. Crim. App. 1976). Hence, you inquire if article 4442c, V.T.C.S., places a duty on an institution licensed under article 4442c to maintain a minimum diet for its residents. We conclude that it does.

Section 1 of article 4442c states that the purpose of the act and the licensing agency created by the act is the promotion of public health, safety, and welfare by providing for the development, establishment, and enforcement of standards for the treatment of individuals in institutions covered by the act. Section 7 of article 4442c provides, in part, that

> [t]he Licensing Agency is authorized to adopt,
> amend, promulgate, publish and enforce minimum
> standards in relation to:
>
>     . . . .
>
> (d) Diet related to the needs of each resident
> and based upon good nutritional practice or on
> recommendations which may be made by the physician
> attending the resident. . . .

Under the authority of article 4442c, the licensing agency, which is the Texas Department of Health, has promulgated minimum licensing standards which provide that all residents will need, among other things, a food service which provides wholesome and satisfying meals meeting general nutritional needs. See 25 T.A.C. §145.181(c)(3)(A) (1985). Section 145.182(e)(8) provides in more specificity minimum standards for dietary service. See also §145.183(e).

Article 4442c does not itself specify in detail minimum standards for the diet of the residents of the institutions, but article 4442c impliedly requires the licensing agency to adopt standards for diets which will supply the nutritional needs of the residents. As indicated, a person does not commit a criminal offense of omission unless the law creates a duty to act. Article 4442c creates such a

duty.  Although failure to meet this statutory duty is therefore an element of an offense under section 6.01(c) of the Penal Code, it is not conclusive.  All other elements of a criminal offense must be present.

## S U M M A R Y

An institution licensed under article 4442c, V.T.C.S., has a duty imposed by the statute and rules properly promulgated under the statute for minimum diet standards for its residents which satisfies the statutory duty requirements of section 6.01(c) of the Penal Code.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Nancy Sutton
Assistant Attorney General