Nancy Carol RONK, Appellant,

v.

The STATE of Texas, Appellee.

Harold Francis RONK, Jr.

v.

The STATE of Texas, Appellee.

Nos. 51301, 51302.

Court of Criminal Appeals of Texas.

Dec. 1, 1976.

Rehearing Denied Dec. 22, 1976.

**124**

Herbert Green, Jr., Dallas, for appellants.

Henry Wade, Dist. Atty., Richard W. Wilhelm, John Ovard and James K. Johnson, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

### OPINION

DAVIS, Commissioner.

Appeals are taken from the convictions of the appellants in a joint trial for the offense of injury to a child. Punishment, assessed by the jury, was twenty years each.

Appellants were found to be criminally negligent for failing to obtain necessary medical treatment for two-and-a-half year old Heath Lambert, resulting in his death. The prosecution was under V.T.C.A. Penal Code, Sec. 22.04, Injury to a Child.

At the outset, we are faced with the problem of a fundamentally defective indictment.

Omitting the formal parts, the indictments in these cases charge that "Nancy Carol ~~Lambert~~ Ronk" and Harold Ronk did,

"intentionally, knowingly, recklessly, and with criminal negligence engage in conduct that caused serious bodily injury to Heath E. Lambert, a child less than 15 years of age, in that said Defendant failed and refused to secure proper medical treatment for the said Heath E. Lambert after the said Heath E. Lambert received burns to his body which required medical treatment."

V.T.C.A. Penal Code, Sec. 22.04, "Injury to a Child," provides:

"(a) A person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence engages in conduct that causes serious bodily injury, serious physical or mental deficiency or impairment, or deformity to a child who is 14 years of age or younger."

V.T.C.A. Penal Code, Sec. 6.01, reads in pertinent part:

"(a) A person commits an offense only if he voluntarily engages in conduct, including an act, an omission, or possession, in violation of a statute that provides that the conduct is an offense.

\* \* \* \* \* \*

(c) A person who omits to perform an act does not commit an offense unless a statute provides that the omission is an offense or otherwise provides that he has a duty to perform the act."

V.T.C.A. Family Code, Sec. 12.04, relates to the duty of a parent[1] to provide a child with medical care, said statute providing:

"Except as otherwise provided by judicial order or by an affidavit of relinquishment of parental rights executed under Section

---

1. V.T.C.A. Family Code, Sec. 11.01, "Definitions" provides in pertinent part:

"(3) 'Parent' means the mother, a man as to whom the child is legitimate, or an adoptive mother or father.

\* \* \* \* \* \*

(4) 'Parent-child relationship' means the rights, privileges, duties and powers existing between a parent and child as provided by Section 12.04 of this code."

15.03 of this code, the parent of a child has the following rights, privileges, duties, and powers:

\* \* \* \* \* \*

(3) the duty to support the child, including providing the child with clothing, food, shelter, medical care, and education; . . . ."

■ Section 6.01, supra, "Requirement of Voluntary Act or Omission," under Title 2 of the new Penal Code, "General Principles of Criminal Responsibility," provides that an omission to perform an act does not constitute an offense "unless a statute provides that the omission is an offense or otherwise provides that he has a duty to perform the act." Thus, an essential element to an offense arising out of the failure to provide medical care for a child is the duty to provide such care. The only persons charged with such duty under Section 12.04 of the Family Code are the parents as that term is defined in Section 11.01, supra. Thus, the indictments in the instant cases, in failing to allege a relationship (between appellants and the child) which would place appellants under a statutory duty to secure medical treatment for the child, are missing a necessary element to constitute an offense.

■ If an indictment does not allege an offense any conviction based thereon is void. *American Plant Food Corporation v. State,* Tex.Cr.App., 508 S.W.2d 598; *Standley v. State,* Tex.Cr.App., 517 S.W.2d 538; *Shane v. State,* Tex.Cr.App., 513 S.W.2d 579. For the reason heretofore stated, the indictments in the instant cases will not support the convictions.

The judgments are reversed and the prosecutions ordered dismissed.