**Robert LANG, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 60584.**

Court of Criminal Appeals of Texas, Panel No. 2.

Sept. 19, 1979.

R. Doyce Mallett, Amarillo, for appellant.

Tom Curtis, Dist. Atty., John Byron Reese and Steve Schiwetz, Asst. Dist. Attys., Amarillo, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ROBERTS and ODOM, JJ.

## OPINION

ROBERTS, Judge.

According to the judgment, the appellant was convicted, on his plea of guilty and judicial confession to the court, of injury to a child. The court assessed a punishment of confinement for five years, and the sentence was for a term of two to five years (which comports with the offense of injury to a child, which carries a minimum punishment of two years' confinement). The appellant claims that the indictment was fundamentally defective in alleging:

"that LINDA MOSS and ROBERT LANG, hereinafter called defendants, on or about the 20th day of October, A.D., 1976, and anterior to the presentment of this indictment, in the County of Potter and State of Texas, did then and there knowingly and intentionally cause the death of the said Jack Moss by failing to provide sufficient medical care for the said Jack Moss, when the said defendant Linda Moss was then and there the parent of Jack Moss, Against the Peace and Dignity of the State."

The indictment failed to allege that Jack Moss was a child who was 14 years of age or younger. This is an essential element of the offense of injury to a child. Compare V.T.C.A., Penal Code, Section 22.-04. Viewed as an indictment for the offense of injury to a child, it failed to allege the offense; thus it was fundamentally defective. The State does not try to argue that the indictment validly alleged injury to a child; its argument is that the indictment alleged murder.

Even if viewed as an indictment for murder, the indictment must have alleged the means of causing death. The indictment alleged that death was caused by the omission to provide medical care. "A person who omits to perform an act does not commit an offense unless a statute provides that the omission is an offense or otherwise provides that he has a duty to perform an act." V.T.C.A., Penal Code, Section 6.01(c). The failure to allege such a duty is a fundamental defect which renders a conviction void. *Ronk v. State,* 544 S.W.2d 123 (Tex. Cr.App.1976). The only allegation of duty is that Linda Moss was the parent of Jack Moss. While it is true that a parent has a statutory duty to provide his child with medical care (V.T.C.A., Family Code, Section 12.04(3)), the allegation in this indictment was fundamentally insufficient in two respects. First, as to this appellant, the indictment made no allegation that he was a parent. Second, there was no allegation that Jack Moss was a child. The duty of a

parent to provide medical care extends only to his child as that term is defined in Section 11.01(1) of the Family Code: "[A] person under 18 years of age who is not and has not been married or who has not had his disabilities of minority removed for general purposes." To say that A is the parent of B is not to say that B is still a child. These failures to allege that the appellant had a duty to provide medical care render this indictment fundamentally defective and the conviction void, whether the offense be construed as injury to a child or murder.

The judgment is reversed and the cause is dismissed.

DOUGLAS, J., concurs in the result.