Thomas SMITH and Betty Franks
Smith, Appellants,

v.

The STATE of Texas, Appellee.

No. 55466.

Court of Criminal Appeals of Texas,
Panel No. 1.

Jan. 16, 1980.

Rehearing Denied Sept. 17, 1980.

John M. Thoma, Galveston, for Thomas
Smith.

W. E. Verkin, Jr., Texas City, for Betty
Franks Smith.

Ronald L. Wilson, Dist. Atty. and James
F. Hury, Asst. Dist. Atty., Galveston, Rob-
ert Huttash, State's Atty., Austin, for the
State.

Before ONION, P.J., and ROBERTS and
W. C. DAVIS, JJ.

## OPINION

ROBERTS, Judge.

These appellants were charged with inju-
ry to a child in a single indictment which
alleged that they "did then and there inten-
tionally and knowingly engage in conduct
that caused serious bodily injury and seri-
ous physical deficiency and impairment to
Michael Franks, a child younger than fif-
teen (15) years of age, by then and there
striking the said Michael Franks by means
which are to the Grand Jurors unknown
and by then and there burning the said
Michael Franks by means which are to the
Grand Jurors unknown, and by then and
there denying the said Michael Franks of
food and nourishment and adequate medical
attention, . . . ." A jury found them
guilty and assessed punishment at 20 years'
confinement.

The trial began on December 1, 1975,
exactly a year before this Court's decision
in *Ronk v. State*, 544 S.W.2d 123 (Tex.Cr.
App.1976). There we held that an indict-
ment, which alleged that the defendants

caused serious bodily injury to a child by failing and refusing to secure proper medical attention for the child, was fundamentally defective for failing to allege that the defendants had a duty to secure medical attention for the child. We noted that a person who omits to perform an act does not commit an offense unless a statute provides that the omission is an offense or otherwise provides that he has a duty to act. V.T.C.A., Penal Code, Section 6.01(c). The statutory duty to provide medical care (and food) to a child is imposed only on the parent of a child. V.T.C.A., Family Code, Section 12.04(3). The omission to provide medical care for a child would constitute an offense only if committed by the parent. Therefore the parent–child relationship was an essential fact to be proved, and the failure to allege that fact was a fundamental defect. Accord, *Lang v. State*, 586 S.W.2d 532 (Tex.Cr.App.1979).

■ In a supplemental brief, the appellants call for the same result that was reached in *Ronk v. State*: reversal and dismissal. We agree with the appellants that the allegation "by then and there denying the said Michael Franks of food and nourishment and adequate medical attention" should be construed as alleging omissions.[1] We also agree that the allegation is defective in that it fails to allege that the appellants had any statutory duty to act. But we do not agree that the entire indictment is rendered fundamentally defective. Unlike the indictment in *Ronk v. State*, in which the omission was the only allegation of conduct, the indictment in this case alleged two other acts of conduct: striking and burning. Because these allegations involve acts rather than omissions, they are not affected by the failure to allege a statutory duty. Parents and non–parents alike may commit the offense of injury to a child by such acts as striking and burning. Therefore the indictment was sufficient to allege the offense of injury to a child by striking and burning, and it is not defective

in those respects. Had the State abandoned the allegations of omissions, or had the trial court not charged on those allegations, the conviction would not have been void.

■ The defect in the allegation of omissions did result in reversible error, because of the reliance placed on it in the charge to the jury. The trial court instructed the jury:

"Therefore, if you believe from the evidence beyond a reasonable doubt that the defendant, Thomas Smith, did, in Galveston County, Texas, on or about April 29, 1975, intentionally and knowingly engage in conduct *as alleged in the indictment* that caused serious bodily injury to Michael Franks, and that the said Michael Franks was then and there a child 14 years of age or younger, you will find the defendant guilty." [Emphasis supplied]

The same instruction was given in a separate charge for Betty Franks Smith.

This charge authorized the jury to convict on any of the several allegations of conduct in the indictment, including the defective allegation. That is, it could convict on proof that the appellants failed to furnish food and nourishment and adequate medical attention without any proof that they (as parents) were under a statutory duty to provide such care.[2] Thus the jury was authorized to convict on proof that did not constitute an offense. This constitutes fundamental error. *Cumbie v. State*, 578 S.W.2d 732, 734–735 (Tex.Cr.App.1979).

The judgments are reversed and the cause remanded.

Before the court en banc.

OPINION DISSENTING TO THE OVERRULING OF THE STATE'S MOTION FOR REHEARING WITHOUT WRITTEN OPINION

DALLY, Judge.

The majority overrules the State's motion for Rehearing Without Written Opinion. I dissent.

---

1. The State seems to be in accord: "Thus, this Appellant can be found to have seriously injured this child either by act or omission." State's brief, at the third page of seven unnumbered pages.

2. In fact, it appears that Thomas Smith was not a parent of Michael Franks.

In the indictment it is alleged that the appellants:

"did then and there intentionally and knowingly engage in conduct that caused serious bodily injury and serious physical deficiency and impairment to Michael Franks, a child younger than fifteen (15) years of age, by then and there striking the said Michael Franks by means which are to the Grand Jurors unknown, and by then and there burning the said Michael Franks by means which are to the Grand Jurors unknown, and by then and there denying the said Michael Franks of food and nourishment and adequate medical attention."

There was an attempt to conjunctively allege that the offense was committed in three ways:

(1) by striking Michael Franks, *and*

(2) by burning Michael Franks, *and*

(3) by denying food and medical attention to Michael Franks. Under our decision in *Ronk v. State*, 544 S.W.2d 123 (Tex.Cr. App.1976), the indictment does not sufficiently allege the offense was committed by denying food and medical attention to Michael Franks, but as the Panel opinion acknowledges the indictment alleges that an offense was committed by striking Michael Franks and by burning Michael Franks. Even though it was not suggested by either of the appellants, the Panel reversed the judgments stating as the reason for the reversal that the court's charge allowed a conviction for *any* of the ways in which the offense was allegedly committed, including the defective allegation.

The pertinent parts of the charge read:

"Therefore, if you believe from the evidence beyond a reasonable doubt that the defendant, Thomas Smith [Betty Franks Smith], did, in Galveston County, Texas, on or about April 29, 1975, intentionally and knowingly engage in conduct as alleged in the indictment that caused serious bodily injury to Michael Franks, and that the said Michael Franks was then and there a child 14 years of age or younger, you will find the defendant guilty."

The State in its Motion for Rehearing points out that the court's charge, rather than allowing a conviction on proof that the offense was committed in *any* of the three ways alleged, required for a conviction proof that the offense was committed in *all* of the three ways alleged. Since two of the ways alleged are admitted sufficiently alleged and the jury to convict was required to find the appellants committed acts necessary to prove both of these allegations, the judgment should not be reversed for the reason stated in the Panel opinion.

ODOM, TOM G. DAVIS and W. C. DAVIS, JJ., join in this dissent.