**Ray Edwin BILLINGSLEA, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 05–86–00897–CR.**

Court of Appeals of Texas, Dallas.

July 15, 1987.

John H. Hagler, Dallas, for appellant.

Gary A. Moore, Dallas, for appellee.

Before WHITHAM, BAKER and LAGARDE, JJ.

BAKER, Justice.

Ray Edwin Billingslea was convicted of injury to an elderly individual by failing to obtain medical care for his mother. A jury found appellant guilty and assessed punishment at 99 years' confinement in the Texas Department of Corrections. Appellant asserts in five points of error that: (1) the indictment is defective since it failed to allege any statutory duty to act; (2) the evidence is insufficient since appellant was not criminally responsible for the omission to act; (3) the jury instructions regarding parole and good time credit constituted a violation of the separation of powers doctrine; (4) the jury instructions regarding parole and good time credit constituted a denial of due process; and (5) the ex post facto application of the jury instructions regarding parole and good time credit was unconstitutional. We sustain points of er-

ror one and two, reverse the trial court's judgment and render a judgment of acquittal.

Appellant was charged by indictment with the offense of injury to an elderly individual. *See* TEX.PENAL CODE ANN. Section 22.04(a)(1) (Vernon Supp.1987). Appellant, his wife and son lived with appellant's 94–year old mother (decedent) in her home. Decedent became bedridden during March of 1984. Appellant, his wife and son cared for the decedent, including cooking for her and changing her linens. Appellant's son testified that decedent refused medical help. The granddaughter of the decedent testified that she made several attempts in April of 1984 to telephone decedent, but appellant always answered and told her that decedent was asleep, and on one occasion told her to stay out of his and his mother's business or he would kill her (granddaughter). On another occasion, appellant refused to let granddaughter and her son into the home to see decedent because he said she was asleep.

The daughter of decedent (Ms. Jefferson) testified that she received a call on April 19, 1984, from her daughter, which caused her to become concerned about decedent's health. Ms. Jefferson called the Social Security office in Dallas and asked them to investigate. An investigator (Mosley) with the Texas Department of Human Resources received a report from the local Social Security office and went to appellant's home on April 24, 1984, accompanied by a Dallas Police Department social service worker and two Dallas police officers. Appellant let them in the house and upon entering, Mosley noticed a strong odor as of rotten flesh. They found decedent in an upstairs bedroom. When asked if she was in pain, decedent moaned in response. Because of the odor, Mosley had to cover her face in order to continue the conversation. One of the officers had to leave the room because of the odor when Mosley pulled back the covers. Decedent was lying in her own urine and excrement and had a large bedsore on her heel which had eaten away part of the heel. Bedsores on the hip and back were ulcerated and had eaten to the bone. Paramedics were called to the home and decedent was transferred to Parkland Memorial Hospital. At the hospital it was further determined that decedent suffered from significant muscle loss and advanced bedsores which had some maggots in them. A doctor indicated that these bedsores probably had taken four to six weeks to develop into their current state. Decedent also had second-degree burns on her inner thighs from lying in her own urine. There was no evidence that decedent had been given any medical care during this period nor could she have secured medical care for herself. Decedent died on May 5, 1984.

■ Appellant contends in his first point of error that the indictment failed to allege any statutory duty to act. Section 22.04 of the Texas Penal Code provides in part:

(a) A person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence, by act or omission, engages in conduct that causes to a child who is 14 years of age or younger or to an individual who is 65 years of age or older:

(1) serious bodily injury;

\* \* \* \* \* \*

Omitting the formal parts, the indictment charged that appellant committed the offense as follows:

(that the defendant did) then and there intentionally and knowingly engage in conduct that caused serious bodily injury to [decedent], an individual over 65 years of age, said conduct being by the following act and omission, to wit: the said defendant failed to obtain medical care for [decedent], the natural mother of the said defendant, who lived in the same house as defendant, and the said [decedent] was at said time physically unable to secure medical care for herself.

The important determination is whether the duty to act is an essential element of the offense that must be alleged in the indictment.

In *Ronk v. State*, 544 S.W.2d 123 (Tex. Crim.App.1976), the mother and father of a child were prosecuted under section 22.04. The decision before the Court was whether

the indictments, which failed to allege a relationship which would place the defendants under a statutory duty to secure medical treatment for a child, were missing a necessary element to constitute an offense. The court held that an essential element to an offense arising out of the failure to provide medical care for a child is the duty to provide care. *Ronk*, 544 S.W.2d at 125. *Accord Smith v. State*, 603 S.W.2d 846 (Tex.Crim.App.1980); *Lang v. State*, 586 S.W.2d 532 (Tex.Crim.App.1979). Therefore, failure to allege a statutory duty or a relationship which would place a defendant under a statutory duty to perform the omitted act is a fundamental defect. The State responds to appellant's first point of error by arguing that section 22.04 does not by its terms limit itself to omissions involving statutory duties. Admitting that there are no explicit statutory duties resting upon children which require support of elderly parents, the State asserts that section 22.04 also includes the common law duties that would arise according to the factual, not necessarily familial, relationship of the parties. The State's basic theory of criminal responsibility in this case was that appellant owed a duty of care to the decedent because he had voluntarily assumed the primary responsibility for caring for the decedent, who could not care for herself; and the appellant also, by that responsibility, prevented others from coming to the decedent's aid. We disagree.

Although we perceive appellant was obviously under a moral duty to care for his elderly mother, and in those jurisdictions that recognize common law duties as a basis for criminal liability he would be held responsible for his failure to act (*See, e.g. Jones v. United States*, 308 F.2d 307 (D.C. Cir.1962)), such is not the law in Texas.

It is clear, and regrettably so, in cases of this nature, that a statutory duty to act is required. Such duty and its omission must be alleged in the indictment and proved. *Smith*, 603 S.W.2d 846; *Lang*, 586 S.W.2d 532; *Ronk*, 544 S.W.2d 123.

Alternatively, the State argues that Section 22.04 satisfies the Section 6.01(c) requirement that an omission is an offense if the statute so provides. Section 6.01 TEX. PENAL CODE ANN. (Vernon 1974 & Supp.1987) provides in part:

(a) A person commits an offense only if he voluntarily engages in conduct, including an act, an omission or possession.

\*       \*       \*       \*       \*       \*

(c) A person who omits to perform an act does not commit an offense unless a statute provides that the omission is an offense or otherwise provides that he has a duty to perform the act.

■ The Practice Commentary following Section 6.01 states that "[s]ubsection (c) codifies the criminal law's traditional reluctance to punish failure to act absent a clear imposition of duty to act on the actor, *see Anderson v. State*, 27 Tex.Crim. [App.] 177, 11 S.W. 33 (1889)." TEX.PENAL CODE ANN. Section 6.01 Practice Commentary (Vernon 1974). *Anderson* is recognized as the leading authority supporting the proposition that only the legislature can impose duties. Thus, in Texas, criminal liability cannot be imposed if no statutory duty to act exists. *See Smith*, 603 S.W.2d 846; and *Ronk*, 544 S.W.2d 123. The Practice Commentary goes on to explain that "[m]any offenses ... proscribe omissions to act, and when they do the first branch of the rule permits imposition of criminal responsibility for the omission. Examples of such offenses include sections 25.03 (interference with child custody), 25.05 (criminal nonsupport), 38.08 (permitting or facilitating escape), and 39.01 (official misconduct)." TEX.PENAL CODE ANN. Section 6.01 Practice Commentary (Vernon 1974) (since amended). Upon examination, these sections all proscribe certain omissions, plainly stating what omission can be punishable. It is also apparent that each of these sections recognizes a pre-existing duty in law and provides punishment for omission to act according to that duty. So, even under the first branch of section 6.01(c) the punishment for the omission to act is predicated upon a duty to act. For example, section 25.05 which covers Criminal Nonsupport, provides that:

(a) An individual commits an offense if he intentionally or knowingly fails to provide support that he can provide and that he was legally obligated to provide for his children younger than 18 years, or for his spouse who is in needy circumstances.

This plainly relies on the legal duty to act and makes an offense only omissions of that legal duty.

Before it was amended, Section 39.01, "Official Misconduct," made omissions to act an offense if an official intentionally or knowingly refrained "from performing a duty that is imposed on him by law or that is clearly inherent in the nature of his office or employment." TEX.PENAL CODE ANN. Section 39.01 (Vernon 1974) (since amended). Again, the legislature made an omission an offense where a legal duty to act exists.

■ Section 22.04, on the other hand, does not contain or allude to a legal duty to act as a basis for making an omission an offense. Of course, there is a statutory duty for parents to support their children which is found in the Texas Family Code sections 4.02 and 12.04. However, no such statutory duty of a child to support a parent can be found and the State admits this in its brief. Therefore, we conclude that section 22.04 does not make an omission an offense within the meaning of section 6.01(c), and hold that since the State has not alleged a statutory duty to act in the indictment, the indictment is fundamentally defective and the conviction void. Point of error number one is sustained.

Appellant's second point of error attacks the sufficiency of the evidence asserting the State failed to establish any criminal responsibility. The sufficiency of the evidence is measured by the standard enunciated by the United States Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 319, n. 12, 99 S.Ct. 2781, 2789, n. 12, 61 L.Ed.2d 560 (1979) which is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *"See*

*also Dickey v. State*, 693 S.W.2d 386, 387 (Tex.Crim.App.1984).

■ When viewed in a light most favorable to the verdict, the evidence shows that the State has failed to prove an essential element of the offense, namely, the duty to act. There is no evidence in the record that appellant had a statutory duty to act because no such duty exists under Texas law.

Although the facts in this case are extreme, and the conduct of the appellant reprehensible, the evidence is insufficient for failure to allege and prove a statutory duty to act. As recognized earlier in the opinion, only the legislature can impose statutory duties so that failure to act can be the basis of criminal liability. While an appellate court may properly write in areas traditionally reserved to the judicial branch of government, it would be a usurpation of our powers to add language to a statute where the legislature has failed to do so. Intrusion into the legislative arena without regard for traditional, constitutional, and legal safeguards of legislative power would violate a fundamental judicial rule. The court should carefully search out a statute's intent, giving full effect to all of its terms. But the court must find the legislative intent in the language of the statute and not elsewhere. The court is not a lawmaking body and it is not responsible for omissions in legislation. Since the legislature has not statutorily imposed a duty to cover the situation in this case, we must sustain appellant's second point of error.

Since our conclusions with respect to the appellant's first and second points of error are dispositive of this appeal, we do not address appellant's third, fourth, and fifth points of error.

The trial court's judgment is reversed and a judgment of acquittal is rendered.

LAGARDE, Justice, dissenting.

I respectfully dissent. It should first be noted that appellant has not challenged the constitutionality of TEX.PENAL CODE ANN. section 22.04(a)(1) (Vernon Supp. 1987). However, the majority effectively renders invalid and meaningless the follow-

ing portion of section 6.01 of the Texas Penal Code:

> (c) A person who omits to perform an act does not commit an offense *unless a statute provides that the omission is an offense* or . . .

and further impliedly declares unconstitutional as applied the following portion of section 22.04(a)(1) of the code:

> (a) A person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence, by act *or omission,* engages in conduct that causes. . . . to an individual who is 65 years of age or older:
> (1) serious bodily injury;
> (2) serious physical or mental deficiency or impairment;
> (3) disfigurement or deformity; or
> (4) bodily injury.

TEX.PENAL CODE ANN. § 22.04(a)(1) (Vernon Supp.1987) (emphasis supplied).

The effective date of the last amendment to Section 6.01 was September 1, 1975. Act of Sept. 1, 1975, ch. 342, § 3, 1975 Tex.Gen.Laws, 912, 913. In 1977, section 22.04 was amended to add the words "by act *or omission.*" Act of Aug. 29, 1977, ch. 819, § 1, 1977 Tex.Gen.Laws 2067. The cases primarily relied on by the majority were decided pre–1977. The effective date of the amendment to section 22.04 creating the offense of injury to an elderly individual was September 1, 1981. Act of Sept. 1, 1981, ch. 604, § 2204, 1981 Tex.Gen.Laws 2397. The offense is defined in clear and precise language with no reference to any required duty.

The majority relies on *Anderson v. State,* 27 Tex.Crim.App. 177, 11 S.W. 33 (1889), as the leading authority for the rule that in Texas criminal liability cannot ·be imposed if no statutory duty to act exists.

The *Anderson* court, at page 34, concluded:

> As we understand *both the common law and the statute,* there can be no criminal negligence or carelessness by omission to act, unless it was the especial duty of the party to perform the act omitted. Negli-

gence or carelessness by omission presupposes duty to perform the act omitted, and cannot, in law, be imputed except upon the predicate of duty.

(Emphasis supplied.)

A careful reading of *Anderson* reveals that only a legal duty is required, not a statutory duty. *See* Goodall, *Penal Code Section 22.04: A Duty to Care for the Elderly,* 35 BAYLOR L.REV. 589, 595 (1983). Further, unlike the current version of section 22.04, the statute considered by the *Anderson* court did not specifically refer to conduct *by omission. Anderson,* 11 S.W. at 33.

At the time of the amendment of the statute creating the offense, by act *or omission,* of injury to an elderly individual, the legislature is presumed to have known that no statutory duty existed. By implication, the legislature must have intended that the common law duties be considered as a basis for such legal duty, thereby repudiating the state judicial hardline approach of requiring a statutory duty.[1] At common law a legal duty, from which a criminally punishable omission could be drawn, arose by virtue of a status relationship between individuals, as well as by contract. *See* Hughes, *Criminal Omissions,* 67 YALE L.J. 590, 599–600 (1958).

In light of the fact that the constitutionality of section 22.04 has not been challenged, I conclude that because section 22.-04 says that an omission can constitute an offense, and the indictment alleges facts from which a legal duty clearly and naturally flows, to-wit: "that Hazel Billingslea was the natural mother of the defendant, who lived in the same house as defendant, and the said Hazel Billingslea was at said time physically unable to secure medical care for herself" that section 22.04 does make an omission an offense within the meaning of section 6.01(c), and is constitutionally applied to the facts of this case.

Since 1889 the holding in *Anderson v. State* has been misinterpreted and cited for the rule that a *statutory duty* is required. It is time to re-read the case and correctly

---

1. Apparently, Texas stands alone in this require- ment. *See* Goodall, 35 BAYLOR L.REV. at 605.

apply it for its true holding—that a *legal duty* is required, not necessarily a statutory duty. Consequently, I would overrule appellant's first point of error.

In point of error number two Billingslea challenges the sufficiency of evidence to support his conviction. He primarily claims that the evidence fails to show he had a duty to care for his mother.

The majority opinion adequately sets out the evidence herein. Sufficiency of the evidence is measured by the standard enunciated by the Supreme Court in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979): "whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Dickey v. State,* 693 S.W.2d 386 (Tex.Crim. App.1984). Reconciliation of any conflicts and contradictions in the evidence is within the province of the jury, and such conflicts will not call for reversal if there is enough credible evidence to support the conviction. *Bowden v. State,* 628 S.W.2d 782, 784 (Tex. Crim.App.1982). Applying that standard, I would hold that the evidence herein is sufficient to show that Billingslea had a legal duty to his Mother and to support his conviction herein. I would, therefore, overrule appellant's sufficiency point.

Appellant's points of error three, four and five complain of the submission of jury instructions pursuant to TEX.CODE CRIM. PROC.ANN. art. 37.07, § 4 (Vernon Supp. 1987). These points have been decided adversely to appellant in this court's opinions in *Rose v. State,* 724 S.W.2d 832 (Tex.App. —Dallas 1986, pet. filed); *Joslin v. State,* 722 S.W.2d 725, 730–36 (Tex.App.—Dallas 1986, pet. filed). I would, therefore, overrule his remaining points of error and affirm the conviction.