**Stella CHAPA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–86–0270–CR.**

Court of Appeals of Texas,
Amarillo.

March 24, 1988.

Jack Stoffregen, Lubbock, for appellant.

Travis S. Ware, Dist. Atty., R. Deniece Jones, Asst. Dist. Atty., Lubbock County, for appellee.

Before DODSON, COUNTISS and BOYD, JJ.

DODSON, Justice.

A jury convicted appellant of injury to a child under section 22.04(a)(1) of the Texas Penal Code Annotated (Vernon Supp.1988), and assessed her punishment at ninety-nine years confinement in the Texas Department of Corrections. The indictment alleged that appellant violated the statute by failing to secure proper medical care for a child when she had the duty to do so by

virtue of her previous appointment as managing conservator of the child. Appellant challenges her conviction by three points of error.[*] First, she maintains that "the indictment fails to state an offense upon which a conviction may be founded." Next, she claims there was no evidence to establish that she was a managing conservator as alleged in the indictment and no evidence she was a managing conservator on the date of the alleged offense. We affirm.

> In pertinent part, the indictment reads: [T]he said STELLA CHAPA on or about the 9th DAY OF DECEMBER, 1985 in Lubbock County and State of Texas, did then and there knowingly engage in conduct that caused serious bodily injury to CYNTHIA ESTRADA, a child younger than 14 years of age, to-wit: the said *STELLA CHAPA did then and there fail to secure property [sic] medical care for the said CYNTHIA ESTRADA after it was apparent that the said CYNTHIA ESTRADA required medical care* because of injuries to CYNTHIA ESTRADA'S body, *the said STELLA CHAPA having the duty to secure medical care because of the said STELLA CHAPA having been previously appointed Managing Conservator of the said CYNTHIA ESTRADA* [.] (emphasis added)

The record shows that on 11 March 1981, appellant, the aunt of the victim, Cynthia Estrada, was appointed temporary managing conservator of Thomas Estrada, Jr., Rachel Estrada, Robert Estrada, and Cynthia Estrada. The children subsequently began living with appellant and her husband Jose Chapa. After the children moved into the Chapa's home, Jose Chapa beat the victim several times with a piece of wood which the children called a "paddle" and a black rubber hose which appeared to be a washing machine water hose. At times, Jose Chapa would instruct the other Estrada children to beat Cynthia. On two occasions, Jose Chapa hung the child by the front of her shirt on a coat rack and beat her with the paddle. The children also stated that Jose Chapa occasionally beat appellant. Cynthia Estrada died 9 December 1985.

Testimony from the doctor who autopsied the body reveals that Cynthia Estrada had been injured over her entire body by blunt instruments. The doctor also testified that abscesses had developed in several of the wounds. He indicated that these abscesses were the result of infections developing in the wounds due to lack of medical treatment. The doctor determined that the injuries suffered by the child caused her death.

Jose Chapa was convicted of murder and sentenced to ninety-nine years confinement in the Texas Department of Corrections. He is not involved in this appeal.

■ Under her first point of error, appellant contends that the indictment fails to charge an offense because she had no statutory duty as a managing conservator to provide medical treatment for the child. Primarily, she relies on section 6.01 of the Texas Penal Code Annotated (Vernon 1974) and *Smith v. State*, 603 S.W.2d 846 (Tex. Crim.App.1980), to support her position. We disagree with appellant's contention.

As pertinent here, section 22.04(a)(1) of the Texas Penal Code Annotated (Vernon Supp.1988) provides that "[a] person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence, by act or omission, engages in conduct that causes to a child who is 14 years of age or younger ... (1) serious bodily injury...." In this instance, the indictment charges appellant with failure (*i.e.*, omission) to provide the child in question with proper medical care, in violation of a duty to do so as managing conservator of the child. Section 6.01(c) of the Texas Penal Code Annotated (Vernon 1974) provides that "[a] person who *omits* to perform an act does not commit an offense unless a statute provides that the omission is an offense or otherwise provides that he has a duty to perform the act" (emphasis added). In this instance there is no specific statute

---

[*] Although she designates her contentions as "grounds of error," the proper designation should be "points of error." Tex.R.App.P. 74(d). We use the proper designation.

which provides that the omission by a managing conservator to provide medical treatment for a child is an offense; however, article 14.02 of the Texas Family Code Annotated (Vernon 1986; Vernon Supp.1988) provides the statutory duty for a managing conservator to provide medical care for the child.

Section 14.02(b)(1), (2), (3), and (5), as pertinent here, provides:

A managing conservator who is not the parent of the child has the following rights, privileges, duties, and powers....

(1) the right to have physical possession of the child and to establish its legal domicile;

(2) the *duty of care*, control, protection, moral and religious training, and reasonable discipline of the child;

(3) the duty to provide the child with clothing, food, shelter, and education;

\* \* \* \* \* \*

(5) the power to consent to marriage, to enlistment in the armed forces of the United States, and to medical, psychiatric, and surgical treatment[.] (emphasis added)

■ We are persuaded that the language of the statute is sufficient to place upon the managing conservator the duty to provide the child with the basic, elementary, and essential necessities of life, including medical care when that care is required to protect the child's life and physical well-being. Furthermore, we are not persuaded that by the absence or omission of the term "medical care" from section 14.02(b)(1), (2), and (3), the legislature intended to relieve the managing conservator of the duty to provide medical attention to a child under his or her charge when the child is seriously ill and in obvious need of lifesaving medical attention. Consequently, we conclude that section 14.02 of the Texas Family Code Annotated (Vernon 1986; Vernon Supp.1988) satisfies the statutory duty requirement of section 6.01(c) of the Texas Penal Code Annotated (Vernon 1974).

We next turn to appellant's reliance on *Smith v. State*, 603 S.W.2d 846 (Tex.Crim. App.1980), for support of her position that only a parent of a child has the duty to provide medical care for the child rather than the managing conservator of the child. We are persuaded that appellant's reliance on *Smith* is misdirected. In *Smith*, the parties charged with injuries to the child were neither parents nor managing conservators of the child, and the court was not called upon or required to consider the duties of a managing conservator to provide a child under his or her charge with medical care under the duties prescribed by section 14.02 of the Texas Family Code Annotated (Vernon 1986; Vernon Supp. 1988). Thus, we are not persuaded that *Smith* is controlling in this instance. Appellant's first point of error is overruled.

■ By her second and third points of error, appellant claims there is no evidence that she was a managing conservator as alleged in the indictment, nor that she was a managing conservator on 9 December 1985 (*i.e.*, the alleged date of the offense). We disagree.

In determining appellant's evidentiary challenge, we must view the evidence in the light most favorable to the prosecution to ascertain if any rational fact trier could have found the essential elements of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979). *See also Houston v. State*, 663 S.W.2d 455, 456 (Tex.Crim.App.1984). Appellant contends that there is no evidence to show that she was managing conservator of the child on 9 December 1985, the date of the alleged offense. In that regard, the record shows that on 11 March 1981, appellant was appointed temporary managing conservator of the child in question by the judge of the 137th District Court in Lubbock County, Texas, and that the child continued to live with appellant under that appointment until the time of her death. Consequently, we overrule the second and third points of error.

In summary, we overrule appellant's three points of error and affirm the trial court's judgment.