**SABINE CONSOLIDATED, INC., Appellant,**

v.

**The STATE of Texas, Appellee.**

**Joseph TANTILLO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 3–87–051–CR, 3–87–055–CR.**

Court of Appeals of Texas, Austin.

Aug. 28, 1991.

Frank Maloney, S. Ronald Keister, Herman C. Gotcher, Jr., Gotcher & Keister, Austin, for appellants.

Ken Oden, Co. Atty., Alia Moses, Asst. Co. Atty., Austin, for appellee.

Before CARROLL, C.J., and JONES and SMITH, JJ.

CARROLL, Chief Justice.

After the trial court denied their pretrial motions, appellants pleaded nolo contendere to the charge of criminally negligent homicide, a class A misdemeanor. *See* Tex. Pen.Code Ann. § 19.07 (1989). The trial court accepted the pleas, found both appellants guilty, and then assessed punishment, fining Sabine Consolidated, Inc. $10,000 and Joseph Tantillo $2,000 and sentencing Tantillo to 180 days' confinement. We will affirm the trial court's judgments.

## BACKGROUND

In September 1985, two construction workers employed by Sabine Consolidated, Inc., a construction company, were killed when the trench they were working in collapsed. Joseph Tantillo was president of Sabine at the time.

The State filed complaints and informations charging Sabine and Tantillo with criminally negligent homicide. The State asserted essentially that appellants failed to adequately shore and slope the trench, which caused the workers' deaths. Sabine was charged with causing the death of one of the workers, and Tantillo was charged with causing the death of the other.

As part of a plea agreement, the parties "tried" the cases solely on appellants' pretrial motions. The trial court denied the motions, and appellants agreed to plead "no contest" to the charges while expressly reserving their right to appeal the denial of their motions. The trial court accepted the pleas and found both appellants guilty.

Sabine and Tantillo appealed to this court, challenging the trial court's disposition of their pretrial motions. On our first review of these cases, we reversed the trial court's judgments based on our conclusion that the Federal Occupational Safety and Health Act of 1970 (OSHA), 29 U.S.C.A. §§ 651-678 (1985), preempts state criminal prosecutions based on the violation of state

or local standards for working conditions. *Sabine Consolidated, Inc. v. State*, 756 S.W.2d 865, 869 (Tex.App.1988). The Court of Criminal Appeals reversed this court's decision, holding that OSHA did not preempt these criminal prosecutions, and remanded the cases to this court for consideration of the appellants' remaining arguments. *Sabine Consolidated, Inc. v. State*, 806 S.W.2d 553 (Tex.Cr.App.1991). We therefore turn to appellants' five other points of error.

In four points of error, appellants assert that the Texas Occupational Safety Act (TOSA), Tex.Rev.Civ.Stat.Ann. art. 5182a (1987), is unconstitutionally vague as applied to them and that their respective informations were defective in various respects. In addition, Sabine argues that its information failed to allege an offense for which a corporation may be liable. For his part, Tantillo alleges that Tex.Pen.Code Ann. § 7.23, which imposes liability on corporate agents, is unconstitutionally vague as applied to him. We will address each of these arguments in turn.

## DISCUSSION

### I. ARTICLE 5182a

At the heart of appellants' complaints is the argument that TOSA is unconstitutionally vague. TOSA imposes on employers the duty to:

> [F]urnish and maintain employment and a place of employment which shall be reasonably safe and healthful for employees. Every employer shall install, maintain, and use such methods, processes, devices, and safeguards, including methods of sanitation and hygiene, as are reasonably necessary to protect the life, health, and safety of such employees, and shall do every other thing reasonably necessary to render safe such employment and place of employment.

Tex.Rev.Civ.Stat.Ann. art. 5182a, § 3 (1987). Appellants argue that this statute did not give them notice that they owed their workers a duty to adequately shore and slope the trench.

A statute is void for vagueness if it fails to give a person of ordinary intelligence fair notice of what conduct the statute prohibits, or if it is so indefinite that it encourages arbitrary and erratic arrests and convictions. *Coleman v. State*, 632 S.W.2d 616, 619 (Tex.Cr.App.1982).

In analyzing a statute for vagueness, where no First Amendment rights are involved, we need determine only if the statute is impermissibly vague as applied to the challenging party's specific conduct. *Bynum v. State*, 767 S.W.2d 769 (Tex.Cr.App.1989). Thus, we must determine if TOSA is unconstitutionally vague as applied to appellants' alleged failure to adequately shore and slope the trench.

We conclude that the general duty imposed by TOSA is sufficient to give an employer of ordinary intelligence notice that the employer owes a duty to ensure that employees working in an excavation are reasonably safe. This general duty necessarily entails shoring and sloping appropriate to the excavation involved. We further conclude that TOSA does not encourage erratic and arbitrary arrests and convictions in that it provides a definite framework within which to determine if conduct is punishable.

In this regard, we note that the question of whether an employer has breached his duty under TOSA is one for the fact finder. A statute is not void merely because culpability must be determined on a de facto basis. *See Smith v. United States*, 431 U.S. 291, 308–09, 97 S.Ct. 1756, 1767–68, 52 L.Ed.2d 324 (1977) (statute prohibiting distribution of obscene materials through the mail not unconstitutionally vague merely because different fact finders might reach different conclusions as to whether the same material is obscene); *Ketchum v. Ward*, 422 F.Supp. 934, 941 (W.D.N.Y.1976), aff'd, 556 F.2d 557 (2d Cir. 1977) (prosecution of doctor for criminally negligent homicide for death of patient does not violate constitution merely because attorney could not determine in advance to what standard doctor would be held).

■ Further, a statute is not unconstitutionally vague merely because it involves only a general standard. *See Peterson v. Goodwin,* 512 F.2d 479 (5th Cir.), cert. denied, 423 U.S. 931, 96 S.Ct. 282, 46 L.Ed.2d 260 (1975) (officer charged with conduct prejudicial to good order and discipline in the armed forces cannot actually have doubted that his sale of heroin to fellow airmen was an offense); *McCall v. State,* 540 S.W.2d 717, 719 (Tex.Cr.App.1976) (statute criminalizing conduct of intentionally or knowingly failing "unreasonably to provide necessary food, care, or shelter for an animal in [person's] custody" is not vague or indefinite); *Gano v. State,* 466 S.W.2d 730, 732 (Tex.Cr.App.1971) (statute prohibiting operation of an automobile at a greater speed than is reasonable and prudent under the circumstances is not vague).

Appellants cannot reasonably have believed that they had complied with their duty to provide their employees a safe and healthful workplace when they failed to adequately slope and shore the trench in this case. We overrule this point.

## II. THE INFORMATIONS

Appellants direct their next series of points at the informations. They contend the informations are defective because: (1) the informations fail to identify a statute which imposed on appellants a duty to act; (2) criminally negligent homicide cannot be committed through an omission; (3) the informations fail to allege the manner and means of death; and (4) the second paragraph of each information fails to state an offense. The informations are identical, except for the names of the accuseds and of the alleged victims.

### A. Duty to Act

First, appellants assert that the informations are fundamentally defective because they do not set forth the statute that created the duty appellants breached by failing to provide a safe workplace.

■ An information is fundamentally defective if it does not allege an offense. *Ronk v. State,* 544 S.W.2d 123, 125 (Tex.Cr. App.1976). A failure to act—an omission—is not an offense unless the defendant had a statutory duty to act. Tex.Pen.Code Ann. § 6.01(c) (1974); *Billingslea v. State,* 780 S.W.2d 271, 276·(Tex.Cr.App.1989). An information charging a criminal omission must therefore set forth facts which give rise to a statutory duty to act. *Ronk,* 544 S.W.2d 125 (indictment alleging injury to a child by neglect was defective because it did not allege parent-child relationship). *See also Smith v. State,* 603 S.W.2d 846, 847 (Tex.Cr.App.1980); *Lang v. State,* 586 S.W.2d 532, 533–34 (Tex.Cr.App.1979).

■ The informations in these cases allege that the appellants were the employers of the respective deceased workers. TOSA imposes on employers the duty to provide their workers with safe workplaces. Tex.Rev.Civ.Stat.Ann. art. 5182a (1987). Thus, the informations sufficiently set forth the facts—the employer-employee relationship—which gave rise to the statutory duty on appellants' part to provide a safe workplace.

Appellants insist that the informations are defective because they do not mention or refer to article 5182a. We disagree. No Texas court has required an information that alleges a criminal omission to identify the statute which created the duty to act, and we decline to recognize such a requirement. An accused is entitled to notice of the omissions he is alleged to have committed. Tex. Const.Ann. art. 1, § 10 (1984); *State v. Carter,* 810 S.W.2d 197 (Tex.Cr. App.1991). It is not also necessary that the accused be referred to the statute that imposed on him a duty to act, as such information is not necessary to the preparation of his defense.

■ Appellants also contend that article 5182a did not impose on them the duty to properly slope and shore the trench walls. We disagree. While article 5182a does not specifically require employers to properly slope and shore trench walls, it does impose on them the general duty to provide a "reasonably safe and healthful" workplace. The informations allege that appellants breached this general duty. We believe that the general duty encompasses

all actions necessary to its accomplishment. That the State chose to elaborate by describing specifically how the appellants breached this duty does not render the indictments defective.

### B. Voluntary, Negligent Omission

■ Appellants advance a new argument on remand. They contend that criminally negligent homicide may not be committed through an omission. In this regard, appellants rely on *Dowden v. State,* 758 S.W.2d 264 (Tex.Cr.App.1988). Since appellants did not raise this argument the first time these cases came to this court, however, they have waived this point of error. *See* Tex.R.App.P.Ann. 74(d) (Pamph.1991).

Even if appellants had not waived this argument, their reliance on *Dowden* is misplaced. Dowden was charged with the capital murder of a police officer who was shot by another officer during an attempted jail break led by Dowden. On appeal, Dowden challenged the trial court's refusal to charge the jury on criminally negligent homicide as a lesser included offense. The Court of Criminal Appeals upheld the trial court's decision and, in so doing, stated "The actions of appellant in the instant case toward the deceased were all voluntary and under the circumstances the issue of criminally negligent homicide was not raised." 758 S.W.2d at 271.

Appellants contend that the quoted sentence from *Dowden* means that criminally negligent homicide is, by definition, not voluntary conduct. They correctly point out that a failure to act must be voluntary to be an offense. *See* Tex.Pen.Code Ann. § 6.01(a). Therefore, they conclude, criminally negligent homicide cannot be committed through a failure to act.[1]

*Dowden* does not stand for the principle appellants champion. The quoted sentence is only a portion of the *Dowden* court's discussion regarding the requested charge. The court begins this discussion by reviewing the two-pronged test for submission of

lesser included offenses, especially the requirement that there be some evidence that the accused, if guilty, is guilty only of the alleged lesser included offense. *Dowden,* 758 S.W.2d at 268; *see also Royster v. State,* 622 S.W.2d 442, 446 (Tex.Cr.App. 1981). The *Dowden* court then concludes that there was no evidence suggesting the defendant acted merely negligently. 758 S.W.2d at 270. Thus, the discussion appellants rely on stands for the proposition that the trial court, in that case, was not required to charge the jury on criminally negligent homicide as a lesser included offense because there was no evidence that the accused acted merely negligently. The voluntariness or involuntariness of the defendant's conduct was never at issue. We overrule this point.

### C. Manner and Means

■ Next, appellants complain that the informations are defective because they fail to allege the "manner and means of death." Specifically, appellants complain that the informations fail to state how the collapse of the trench caused the workers' deaths. Appellants' argument is not persuasive. The term "manner and means" refers to the alleged offender's conduct. *See Solis v. State,* 787 S.W.2d 388, 391 (Tex.Cr.App.1990). There is no requirement that an information allege how the offender's conduct caused death.

■ Further, the State was not required to allege the manner and means in this case. A failure to allege manner and means is not in and of itself fundamental error. *Edlund v. State,* 677 S.W.2d 204, 209 (Tex.App.1984, no pet.). There are two circumstances in which the State must allege manner and means: (1) when it is the manner and means that makes otherwise innocent activity criminal, *Posey v. State,* 545 S.W.2d 162, 163 (Tex.Cr.App.1977); (2) when the statute that defines the offense provides for more than one manner or means to commit the prohibited conduct, *State v. Carter,* 810 S.W.2d 197 (Tex.Cr.

---

1. Taken to its extreme, appellants' argument would render unenforceable the statute prohibiting criminally negligent homicide because no conduct—act, omission or possession—may be an offense unless the accused engages in it voluntarily. *See* Tex.Pen.Code Ann. § 6.01(a).

App.1991). Neither of these situations exists in this case. This point is overruled.

## D. Paragraph II of the Informations

Finally, appellants contend that the second paragraph of each information fails to allege an offense. The second paragraphs allege that appellants created, maintained, and controlled an excavation which was inadequately sloped and shored, which did not have an adequate means of exit, and "which had heavy machinery operating in close proximity."

Appellants' arguments regarding the second paragraphs echo their arguments regarding the first paragraphs: they assert that there is no statute imposing on them the duties they allegedly breached. We read the second paragraphs as alleging an alternate manner in which appellants failed to provide a reasonably safe and healthful workplace. We therefore overrule this point for the reasons set forth above.

## III. CORPORATE RESPONSIBILITY

■ Sabine contends the trial court erred because a corporation may not be convicted of criminally negligent homicide. In its original brief, Sabine relied on *Vaughan and Sons, Inc. v. State*, 649 S.W.2d 677 (Tex.App.1983). When this court first considered Sabine's appeal, the Court of Criminal Appeals had granted the State's petition for discretionary review in *Vaughan and Sons*, but had not handed down its decision. Since then, the Court of Criminal Appeals has held that a corporation *can* be convicted for criminally negligent homicide. *Vaughan and Sons, Inc. v. State*, 737 S.W.2d 805 (Tex.Cr.App.1987). Accordingly, we overrule this point of error.

## IV. AGENCY LIABILITY

■ Tantillo complains that the trial court erred because § 7.23(b) of the Penal Code, which imposes liability on corporate agents, is unconstitutionally vague. Section 7.23(b) provides:

An agent having primary responsibility for the discharge of a duty to act imposed by law on a corporation or associa-

tion is criminally responsible for omission to discharge the duty to the same extent as if the duty were imposed by law directly on him.

Tex.Pen.Code Ann. § 7.23(b) (1974). Tantillo complains that the term "primary responsibility" is vague and indefinite.

We disagree. A statute that contains an undefined term is not unconstitutionally vague if the term is an ordinary term in common use. *Alexander v. State*, 630 S.W.2d 355, 358–59 (Tex.App.1982, no pet.). The term "primary responsibility" is one in common use. The statute is not, therefore, vague and indefinite. We overrule this point.

## CONCLUSION

The Court of Criminal Appeals has already addressed appellants' first points of error. We conclude that the remaining points of error are without merit. Accordingly, we overrule Sabine's and Tantillo's points of error two through six and affirm the trial court's judgments.