Affirmed and Opinion filed February 13, 2003















Affirmed and
Opinion filed February 13, 2003.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO.
14-02-00653-CR

NO.
14-02-00654-CR

_______________

 

TANIA ARELLANO
ROCHA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

______________________________________________

 

On Appeal from the 184th District Court

Harris County, Texas

Trial Court Cause Nos. 911,882 &
902,428

______________________________________________

 

O P I N I O N

 

            Tania Arellano Rocha appeals two
convictions for injury to a child[1] on
the grounds that the trial court erred in denying her motion to quash one of
the indictments and in admitting her custodial statements into evidence.  We affirm.




 








Motion to Quash Indictment

            Appellant’s first point of error
contends that the trial court erred in denying her motion to quash the
indictment that charged injury to a child by omission.[2]  That indictment alleged that appellant, “while having a legal duty to act pursuant to
Section 151.003 of the Texas Family Code, . . . by omission cause[d]
SERIOUS BODILY INJURY to . . . the Complainant, a child younger than fifteen
years of age, by FAILING TO SEEK PROPER MEDICAL ATTENTION” (first emphasis
added).[3]  Appellant contends that, by failing to allege
a parent-child relationship between appellant and the complainant that would
impose a duty on appellant to seek medical attention for the complainant under
the Family Code, the indictment omitted an essential element to prosecution
under section 22.04(b)(1) of the Penal Code.

            An indictment should state
everything that is necessary to be proved. 
Tex. Code Crim.
Proc. Ann. art. 21.03 (Vernon
1989).  An indictment may fail to satisfy
this requirement either in: (1) charging an offense at all; or (2) providing
adequate notice to allow a defendant to prepare a defense (the “notice
requirement”).  See Curry v. State, 30 S.W.3d 394, 399 (Tex. Crim. App. 2000).  As
between these two types of deficiency, it is only the first, where an
indictment fails to charge an offense at all, that the indictment is void and
incapable of invoking the trial court’s jurisdiction.  Ex parte Patterson, 969 S.W.2d 16, 19 (Tex. Crim. App. 1998). 
This is the only remaining type of “fundamental” indictment error; all
others have been eliminated by constitutional and statutory amendment.  See Nix
v. State, 65 S.W.3d 664, 668 n.12 (Tex. Crim.
App. 2001); Studer v. State, 799 S.W.2d 263, 271 n.11
(Tex. Crim. App. 1990).

            An indictment is sufficient to
charge an offense at all if it accuses a person of a crime with enough clarity
and specificity to identify the penal statute under which the State intends to
prosecute, even if the instrument is otherwise defective.  Duron v. State,
956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).  As long as an indictment meets this
requirement, it is not fundamentally defective, even if it is substantively
defective in failing to allege an element of an offense.  See id.;
Cook v. State, 902 S.W.2d 471, 477
(Tex. Crim. App. 1995); Studer, 799 S.W.2d at 268,
271-72.

            With regard to the notice
requirement, an indictment is generally sufficient if it follows the statutory
language.  Curry, 30 S.W.3d at 398. 
However, tracking the applicable statutory language is not sufficient if
that language is not completely descriptive, such as where the statute defines
the manner and means of committing the offense in alternative ways.  Id.  In order for greater particularity to be
required than is provided by tracking the statutory language, such alternatives
must generally relate to the defendant’s acts, omissions, or conduct
constituting the offense as contrasted from alternatives pertaining to
attributes of the complainant.  See id. at 398-99.  However, even where a trial court has
erroneously denied a motion to quash an indictment that failed to provide
adequate notice (but was not fundamentally defective), the lack of notice must
prejudice the substantial rights of the defendant before reversal is
warranted.  See Saathoff v. State, 891 S.W.2d 264,
267 (Tex. Crim. App. 1994).

            An essential element of an offense
arising from a failure to provide medical care for a child is the duty to
provide such care.  Tex. Pen. Code Ann. § 22.04(b)(1); Ronk v. State, 544 S.W.2d 123, 125 (Tex. Crim. App. 1976).  In
Smith and Ronk, the indictments for injury
to a child by omission alleged that the defendants failed to secure, or denied,
medical treatment for the complainant without any mention whatever of a duty or
a relationship giving rise to a duty.  See Smith v. State, 603 S.W.2d 846, 846
(Tex. Crim. App. 1980); Ronk, 544 S.W.2d at 124.  Each opinion held that the failure to allege
a relationship between the defendant and the complainant that placed the
defendant under a statutory duty to secure medical treatment for the
complainant was an omission of an element necessary to constitute an offense
and thus a fundamental error requiring reversal.  Smith,
603 S.W.2d at 847; Ronk,
544 S.W.2d at 125.

            However, the decisions in Smith and Ronk do not govern the
disposition of this point of error for two reasons.  First, Smith
and Ronk
were decided prior to the 1985 constitutional and statutory amendments and
subsequent Court of Criminal Appeals opinions, noted above, pursuant to which
the omission of an element of an offense is no longer an automatic fundamental
defect.  Second, Smith and Ronk
addressed indictments that omitted any mention at all of a duty or facts giving
rise to a duty.  See Smith, 603 S.W.2d at 846; Ronk, 544 S.W.2d at 125.  By contrast, the indictment in this case
specifically alleged that appellant had “a legal duty to act pursuant to
Section 151.003 of the Texas Family Code.”[4]  This not only alleged the duty element but
did so with even greater specificity than merely tracking the applicable
statutory language which states only “the actor has a legal or statutory duty
to act . . . .”  See Tex. Pen. Code Ann.
§ 22.04(b)(1).  Therefore, the indictment
in this case did not omit an element,
as did those in Smith and Ronk.

            As to whether the indictment
provided sufficient notice of the duty element, although it failed to allege a
parent-child relationship factually, it gave a reference to section 151.003,
which addresses only the rights and obligations of a parent regarding a child
and thus left no 

 class=Section3>

uncertainty
that a parent-child relationship was being relied upon.  Moreover, by providing a reference to the
statute actually imposing the duty on that relationship, if anything, it
imparted more information than a mere allegation of the relationship would
have.  Under these circumstances, even if
the denial of the motion to quash for failure to factually allege a
parent-child relationship was error, it could not have been harmful in
depriving appellant of adequate notice to enable her to prepare a defense.  See
Curry, 30 S.W.3d at 398.[5]  Accordingly, appellant’s first point of error
is overruled.

Admissibility of Statements

Illegal Arrest

            Appellant’s second and third points
of error contend that the trial court erred by denying her motion to suppress:
(1) an oral statement she made to a police officer at the scene in the patrol
car; (2) three videotaped statements appellant gave to officers at the police
station; and (3) an oral statement appellant made to her sister following the
last videotaped statement.  Appellant
argues that the statements were inadmissible because they were obtained pursuant
to custodial questioning following an arrest made illegally without a warrant
or probable cause.

            Although this section of appellant’s
brief discusses at length whether she was in custody when each of the
challenged statements was made, it cites no evidence establishing the lack of a
warrant and completely fails to address how, why, or in what respect the
evidence adduced at the suppression hearing failed to establish probable cause
at any time during the period she claims to have been in custody.[6]  Because her second and third points of error
are thus predicated on a ground which they have failed to demonstrate, those
points of error afford no basis for relief and are overruled.

                                                               Right to Counsel

            Appellant’s fourth point of error
contends that the trial court erred in admitting her third videotaped statement
because the italicized portions of the following exchange demonstrate that she
invoked her Fifth Amendment right to an attorney prior to giving that
statement:

[Officer]:        You
have the right to have a lawyer present, so that he can counsel you before
questions are asked and during the time questions are being asked.  Do you understand that?

[Appellant]:    Uh-huh. 
That is when someone goes to court?

[Officer]:        No, no, no.  Okay. 
What this says is, that number three, you have the right to have a
lawyer present so that he can counsel you before questions are being asked and
during the time the questions are being asked. 
Do you understand that?

[Appellant]:    No.

[Officer]:        Okay.  You have the right to have a lawyer present
right now, so he can counsel you before questions are asked — questions are
asked or during the time questions are being asked.

[Appellant]:    Uh-huh.  And the
lawyer, how can you have one?

[Officer]:        What?

[Appellant]:    The lawyer, how can you have one?  Does one have to look for one, or does the
government or  -- I don’t know.

[Officer]:        Well,
it’s only — okay.  What I need to know is
that if, yes, you understand what these words are saying, of this right or if
not?

[Appellant]:    Uh-huh.

            *          *          *          *

[Officer]:        You
have the right to have a lawyer present, so he can counsel you before questions
are asked or during the time questions are being asked.  Do you understand that right?

[Appellant]:    Uh-huh.

[Officer]:        Yes or no?

[Appellant]:    Yes.

(emphases added).

            A suspect who has invoked the right
to counsel may not be questioned regarding any offense unless an attorney is
actually present.  Davis v. United States, 512 U.S. 452, 458
(1994).  Whether the accused actually
invoked his right to counsel is an objective inquiry.  Id. at 458-59.  The request for counsel must be unambiguous, i.e., sufficiently clear that a
reasonable police officer in the circumstances would understand the statement
to be a request for an attorney.  Id. at
459.  If such an officer would have
instead understood only that the suspect might
be invoking the right to counsel, questioning need not cease.  Id.[7]  Moreover, if a suspect makes an ambiguous or
equivocal statement, police have no obligation to ask him questions to clarify
whether he wants an attorney.  Id. at 461.

            In this case, because appellant’s
questions regarding how to obtain a lawyer did not unequivocally express a
request for a lawyer, they did not invoke her Fifth Amendment right to counsel.  Accordingly, appellant’s fourth point of error
is overruled, and the judgment of the trial court is affirmed.

 

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment rendered and Opinion filed
February 13, 2003.

Panel consists of Justices Edelman,
Seymore, and Guzman.

Do Not Publish — Tex. R. App. P. 47.2(b).

 











[1]           A jury found appellant guilty of
both offenses and sentenced her to 10 and 15 years confinement, respectively.





[2]           The State contends that appellant
waived her first point of error because she did not present her motion to quash
to the trial court until the day of trial. 
See Tex. Code Crim. Proc. Ann. art.
1.14(b) (Vernon Supp. 2003) (if a defendant does not object to a defect in the
form or substance of an indictment before the date on which the trial on the
merits commences, he waives the right to object to the defect and may not raise
it on appeal or in any other post-conviction proceeding).  However, in Whitsey, this court essentially
held that the article 1.14(b) deadline applies only to the filing, and not the
presentment, of a motion to quash.  See Whitsey v.
State, 853 S.W.2d 769, 770, 772 (Tex. App.—Houston [14th Dist.] 1993, pet. ref’d).





[3]           See Tex. Pen. Code Ann. § 22.04(a)(1),
(b)(1) (Vernon Supp. 2003) (a person commits injury to a child if he
intentionally, knowingly, or recklessly by omission causes serious bodily
injury to a child and the actor has a legal or statutory duty to act).





[4]           At the time of the alleged offense
in November of 2000, that statute expressly provided, among the other rights
and duties of a parent, that a parent of a child had a duty to support the
child, including providing the child medical care.  See
Tex. Fam. Code
Ann. § 151.003(a)(3) (Vernon 1996)
(current version at Tex. Fam. Code Ann. § 151.001(a)(3) (Vernon 2002)).  An offense is defined by the version of the
statute in effect when the offense is committed.  See
Ortiz v. State, No. 73692, slip op. at 17, 2002 WL 31116634, at *9 (Tex. Crim. App. Sept. 25, 2002) (finding error where jury charge
defined offense according to then-current version of statute rather than that
in effect when offense was committed).





[5]           See Tex. R. App. P. 44.2; Saathoff, 891
S.W.2d at 267 (recognizing application of harmless error standard to notice
defect in indictment); Chambers v. State,
866 S.W.2d 9, 17-18 (Tex. Crim. App. 1993) (overruling
challenge to specificity of indictment for lack of harm).  Except for federal constitutional errors
labeled by the United States Supreme Court as structural, no error is
categorically immune to a harmless error analysis.  Payne v. State, 11 S.W.3d
231, 232 (Tex. Crim. App. 2000).





[6]           Nor did the trial court make any
finding that probable cause was lacking. 
Instead, it stated at the conclusion of the hearing that the motion to
suppress was denied as to the first oral statement and the three videotaped
statements because the defendant was not in custody and the statements were
made under voluntary conditions.





[7]           A statement by an accused is either
an assertion of the right to counsel or it is not.  Davis,
512 U.S. at
459.  If police were required to cease
questioning if a suspect makes a statement that might be a request for an attorney, the clarity and ease of
application necessary to real-world investigation would be lost, and police
officers would be forced to make difficult judgment calls with the threat of
suppression if they guess wrong.  Id. at 461.