**Estefana Gomez LEYVA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–81–0038–CR.**

Court of Appeals of Texas,
Amarillo.

June 24, 1982.

Tomas Garza, Lubbock, for appellant.

John T. Montford, Criminal Dist. Atty., David Hazlewood, Asst. Criminal Dist. Atty., Lubbock, for appellee.

Before REYNOLDS, C. J., and DODSON and COUNTISS, JJ.

COUNTISS, Justice.

Appellant was convicted of transporting beer in a dry area, Tex.Alco.Bev. Code Ann. § 101.31 (Vernon 1978)[1] and fined $100.00. By five grounds of error she challenges the wording of the information, the validity of certain sections of the Code and the sufficiency of the evidence to support her conviction. We affirm.

The events leading to the conviction are not in dispute. An Alcoholic Beverage Commission employee, who had observed beer being placed in appellant's car at a liquor store, stopped appellant in a dry area, searched her car and found 20 cases of beer. Appellant admitted that she was transporting the beer in a dry area. She testified, however, that she was taking the beer to the post-wedding party, for which she and her husband were "padrinos."

A jury convicted appellant of the offense charged in the information and, after the trial court assessed punishment, she appealed to this court. We will resolve her five grounds of error in the order of their presentation.

■ By her first ground, appellant contends the information should have been quashed because it does not allege a culpable mental state. She observes, correctly, that the information alleges appellant "did then and there unlawfully transport an alcoholic beverage, to-wit: beer, in a dry area....", but does not allege her mental state. However, the Court of Criminal Appeals has often held that transporting an

alcoholic beverage in a dry area is unlawful "without regard to any special intent or purpose." *Dunavin v. State*, 611 S.W.2d 91, 100 (Tex.Cr.App.1981); *Abston v. State*, 157 Tex.Cr.R. 500, 250 S.W.2d 214 (1952). Intent or purpose being immaterial, it follows that the State is not required to allege a culpable mental state for the offense. Ground of error one is overruled.

By her second ground of error, appellant challenges the constitutionality of § 101.-31.[2] She says the section is vague because its meaning and application are uncertain and is too broad because it prohibits everyone in a dry area from transporting alcoholic beverages, regardless of the amount transported or the intent of the transporter. We disagree with both arguments.

■ A statute is unconstitutionally vague if it fails to give a person of ordinary intelligence fair notice of forbidden conduct and encourages arbitrary and erratic arrests and convictions. *Bates v. State*, 587 S.W.2d 121, 127 (Tex.Cr.App.1979). Those problems do not exist with § 101.31. It clearly and concisely prohibits specific conduct by specific persons in specific areas, and alerts the reader to possible exceptions later in the Code. Thus, the forbidden conduct can be easily determined and consistently punished.

■ A statute is unconstitutionally broad if it prohibits constitutionally protected conduct. *Bates*, 587 S.W.2d at 128. However, none of the activities prohibited by § 101.31 are constitutionally protected, by Texas or the United States, to such an extent that the activities may not be controlled in the manner specified by the section. Ground of error two is overruled.

■ In support of her third ground of error, appellant argues that § 101.31 is unconstitutional because it forces a defendant

1. All section references are to the Texas Alcoholic Beverage Code Annotated.

2. The section reads:

Except as otherwise provided in this code, no person in a dry area may manufacture, distill, brew, sell, import into the state, ex-

port from the state, transport, distribute, warehouse, store, solicit or take orders for, or possess with intent to sell an alcoholic beverage.

Tex.Alco.Bev. Code Ann. § 101.31 (Vernon 1978).

to testify in order to establish the defense provided by § 107.08.[3] We agree that a defendant must invoke and prove the § 107.08 defense, *Dunavin*, 611 S.W.2d at 101, but we find nothing in either section that forces a defendant to testify. The § 107.08 defense may be proven, like any other defense, by any evidence that satisfies the rules of evidence. Of course, if necessary evidence can be presented only through the defendant's testimony, then she faces the same choice that any other defendant faces: she can testify or remain silent. However, the prohibition against self incrimination is not violated by that choice. *See Jones v. State*, 532 S.W.2d 596, 597 n. 1 (Tex.Cr.App.1976); *Hall v. State*, 490 S.W.2d 589, 592 (Tex.Cr.App.1973). Ground of error three is overruled.

■ By her fourth ground of error, appellant argues that the state was required, and failed, to prove that she was transporting the beer "with intent to sell." Her argument is based on an erroneous reading of § 101.31. The section prohibits transportation "or possession with intent to sell" in a dry area. Possession with intent to sell is phrased in the disjunctive as an offense separate and distinct from transportation. Intent to sell is not an element of the latter offense. *Wright v. State*, 168 Tex.Cr.R. 645, 330 S.W.2d 620 (1959). Ground of error four is overruled.

■ In her final ground of error, appellant contends that the evidence is insufficient to support the conviction. Her specific complaint is that the State failed to prove that she did not come within the § 107.08 exception. As discussed above, it is a defendant's burden to prove she is entitled to the protection of § 107.08; it is not the State's duty to negate the exception. *Dunavin*, 611 S.W.2d at 101; *Brooks v. State*, 154 Tex.Cr.R. 512, 228 S.W.2d 863, 864 (1950). Ground of error five is overruled.

The judgment is affirmed.

3. The section reads:

A person who purchases an alcoholic beverage for his own consumption may transport it from a place where its sale is legal to a place where its possession is legal without holding a license or permit. Tex.Alco.Bev.Code Ann. § 107.08 (Vernon 1978).