**William Brady APPLING, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 13–93–334–CR.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 3, 1995.

Jon G. Thedford, Corpus Christi, for appellant.

Carlos Valdez, Dist. Atty., Audrey Mullert Vicknair, Asst. Dist. Atty., Corpus Christi, for appellee.

Before SEERDEN, C.J., and DORSEY and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

SEERDEN, Chief Justice.

A jury convicted appellant of felony theft and assessed punishment of ninety-nine years confinement in prison after appellant pleaded "true" to two enhancement paragraphs. Appellant appeals his conviction and raises four points of error, alleging the trial court erred: (i) by allowing appellant's unrecorded, oral statements in evidence; (ii) by refusing to suppress the liquor confiscated from appellant's vehicle; and (iii) by failing to conduct an *in camera* hearing to determine whether the identity of a confidential informer should be disclosed. Because we find no error, we affirm.

A confidential police informant told Corpus Christi Police Officer Daniel Pacheco that two men were soliciting buyers for a large quantity of liquor. One of the men drove a pickup truck, which contained the liquor. The informant provided a detailed description of the two men, their location, the pickup truck, and the license plate number. The

informant also indicated he believed one of the men was named Howard Haas.

Officer Pacheco ran a registration check on the license plate and learned that appellant, William Appling, owned the suspect pickup truck. Officer Pacheco then issued a "be on the lookout" bulletin for the truck. In response to the bulletin, Officer Ricardo Soliz located the truck and tailed it. While doing so, Officer Soliz observed the driver—the appellant—make two consecutive right turns without signaling. Officer Soliz then initiated a traffic stop.

While checking appellant's drivers license, Officer Soliz noticed several cases of liquor in the bed of the truck. Officer Soliz then placed appellant in the back seat of his patrol unit and radioed a request for a Texas Alcoholic Beverage Commission (TABC) agent to come to the scene. Within five minutes, TABC Agent Debra Fincher arrived. After noting the several cases of liquor in the bed of the truck, Agent Fincher advised appellant to step out of the patrol car and then proceeded to question him about the liquor. Neither Officer Soliz nor Agent Fincher at any time gave appellant warnings about his *Miranda* rights.

After questioning appellant, Agent Fincher determined that appellant was unlawfully transporting the liquor and confiscated it—ninety-one bottles in all—pursuant to Tex. Alco.Bev.Code Ann. § 103.03(1) (Vernon 1978). Agent Fincher then permitted appellant to leave; appellant had been detained approximately twenty to thirty minutes. A few hours later, Officer Pacheco and Agent Fincher received a police report that a liquor store had been burglarized the previous day. After the police matched fingerprints in the liquor store with those on one of the cases of liquor confiscated from appellant's truck, the police arrested appellant.

Appellant was charged, indicted, and convicted of third degree felony theft under Tex.Penal Code Ann. § 31.03(a) (Vernon 1989), for intentionally and knowingly appropriating liquor, valued between $750 and $20,000, from the liquor store without the owner's consent and with the intent to deprive the owner of the liquor. Appellant now appeals his conviction, complaining of the trial court's adverse rulings on evidentiary matters and his pre-trial motions.

By his second point of error, appellant alleges the trial court erred by admitting in evidence his unrecorded, oral statements made to TABC Agent Fincher. Agent Fincher did not give appellant *Miranda* warnings before these oral statements were made. Appellant was not allowed to leave during the twenty minutes to thirty minutes that he had been held for questioning. Assuming that appellant should have been given *Miranda* warnings, we find the trial court did not err by allowing appellant's unwarned, oral statements in evidence.

Agent Fincher first questioned appellant as to whether the truck and the liquor belonged to him. Appellant replied that both belonged to him and volunteered that he was planning to have a party that evening with about fifty of his friends. Next, Agent Fincher asked appellant if he had a written "statement" verifying ownership of the liquor and the legal right to transport it. Appellant replied that he did not have "one of those" and then admitted that the liquor did not belong to him, but rather, he had found it on the side of a nearby road. Appellant stated that he had stopped to urinate and saw the cases of liquor in the grass; since no one was around to claim the liquor, he decided to load it in his truck.

All of appellant's oral statements made to Agent Fincher, explaining how he came into possession of the liquor, were the subject of appellant's pre-trial suppression motion. At the suppression hearing, the Honorable Joaquin Villarreal granted appellant's motion and suppressed these oral statements on the basis that the statements were solicited without appellant having the benefit of *Miranda* warnings.

During trial, appellant did not testify based on his Fifth Amendment right to remain silent, but he elicited testimony from his long-time friend, Pamela Peterson. Pe-

terson's testimony included hearsay statements made by both appellant and Howard Haas. Peterson testified that appellant was visiting her at her home when Haas came over, asking if he could borrow appellant's truck. Appellant lent the truck to Haas, and Haas returned it with the bed of the truck full of liquor cases. Peterson testified that when appellant saw the liquor cases in his truck, he asked Haas, "What is this?" Haas replied that his girlfriend, whose parents owned several liquor stores, gave it to him. The gist of Peterson's testimony was an attempt to show that appellant was surprised to find the liquor in his truck after Haas had returned it and that appellant did not know the liquor was stolen property.

After Peterson testified, the State urged the court to allow the oral statements appellant had made to Agent Fincher in evidence, for the purpose of impeaching appellant's credibility and rebutting his theory of how he came into possession of the liquor. The State asserted that appellant was the declarant of the hearsay statement—"What is this?"—which was admitted in evidence through Peterson's testimony; as such, appellant's credibility could be attacked on the basis that he was a hearsay declarant.

Appellant objected to allowing his oral statements in evidence for impeachment purposes, arguing that because he pleaded the Fifth Amendment and did not testify at trial, he could not be impeached; the fact that he was the declarant of a hearsay statement had no bearing on the matter. Appellant further argued his oral statements were inadmissible under the holding in *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966) and TEX.CODE CRIM.PROC. ANN. art. 38.23(a) (Vernon Supp.1995).

The court recognized Judge Villarreal's previous ruling suppressing the evidence based on *Miranda*, but allowed appellant's oral statements in evidence for impeachment and rebuttal purposes. Now on appeal, appellant contends the trial court erred in doing so. We have two issues to consider under this point of error: (1) whether, in

spite of the fact that appellant invoked his Fifth Amendment privilege not to testify, his credibility may be attacked because he was the declarant of a hearsay statement admitted in evidence on his behalf; and if so, (2) whether appellant's oral statements—solicited without the benefit of having received *Miranda* warnings—are admissible for impeachment purposes.

In resolving the first issue, we look to case law and the Texas Rules of Criminal Evidence 804(a)(1) and 806. Peterson testified that appellant said, "What is this?", in response to seeing the cases of liquor lying in the bed of his truck. Through Peterson's testimony, appellant offered this hearsay statement for the purpose of showing that he did not know why the liquor was in his truck, to whom it belonged, or from where it came.

■ Generally, hearsay testimony is not admissible evidence unless it falls within one of several hearsay exceptions. TEX.R.CRIM. EVID. 802, 803, and 804. Under hearsay exception, TEX.R.CRIM.EVID. 804, a hearsay statement is admissible if the declarant is "unavailable" to testify at trial. If a witness invokes his Fifth Amendment privilege not to testify—as appellant did in this case—he is properly deemed "unavailable" as a witness for purposes of TEX.R.CRIM.EVID. 804(a)(1). *Bryan v. State*, 837 S.W.2d 637, 644 (Tex. Crim.App.1992). Appellant's hearsay evidence was admissible under TEX.R.CRIM. EVID. 804(a)(1).

■ Rule 806 of the Texas Rules of Criminal Evidence provides that "[w]hen a hearsay statement ... has been admitted in evidence, the credibility of the declarant may be attacked." Further, evidence of a statement made by the declarant at any time, offered to impeach the declarant, is not subject to any requirement that he may have been afforded the opportunity to deny or explain. TEX. R.CRIM.EVID. 806. Here, appellant was the declarant of a hearsay statement admitted in evidence via the testimony of one of appellant's own witnesses. Thus, under the facts of this case and pursuant to TEX.R.CRIM.

EVID. 806, the State was entitled to attack appellant's credibility as if appellant had testified. *Davis v. State,* 791 S.W.2d 308, 310 (Tex.App.—Corpus Christi 1990, pet. ref'd).

Having determined the State was entitled to impeach the appellant, we turn our attention to the second issue under this point— whether appellant's oral statements, which were solicited without the benefit of having received *Miranda* warnings—are admissible for purposes of impeaching appellant's credibility.

■ The federal constitution ensures that evidence obtained as a result of a custodial interrogation is inadmissible unless the State can prove that proper warnings were given and show an affirmative waiver of rights. *Miranda v. Arizona,* 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966); *Ancira v. State,* 516 S.W.2d 924, 926 (Tex.Crim.App.1974). In Texas, the general rule pertaining to suppression of evidence, known as the exclusionary rule, provides that "no evidence obtained by an officer or other person in violation of any provision of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused." TEX.CODE CRIM. PROC.ANN. § 38.23(a) (Vernon Supp.1995).

■ In the wake of *Miranda,* the United States Supreme Court has gradually carved exceptions to the exclusionary rule. Specifically, in *Harris v. New York,* 401 U.S. 222, 225–26, 91 S.Ct. 643, 645–46, 28 L.Ed.2d 1 (1971), the Court concluded that statements solicited without the benefit of *Miranda* warnings, are admissible if used for the purpose of impeaching the defendant's testimony at trial. Article 38.22(5) of the Texas Code of Criminal Procedure tracks the holding in *Harris v. New York* and reflects the notion that a defendant's voluntary, unwarned statements are admissible for the purpose of impeaching the defendant's trial testimony. *Lykins v. State,* 784 S.W.2d 32, 36 (Tex.Crim. App.1989).

Article 38.22 of the Texas Code of Criminal procedure provides, in part:

Sec. 5. Nothing in this article precludes the admission ... of a voluntary statement, whether or not the result of custodial interrogation, that has bearing upon the credibility of the accused as a witness, or of any other statement that may be admissible under law.

TEX.CODE CRIM.PROC.ANN. art. 38.22(5) (Vernon 1989).

■ In order for appellant's unwarned statements to be admissible under article 38.22(5), two criteria must be satisfied: (1) appellant must have made the statements voluntarily, and (2) the statements must have some bearing on appellant's credibility as a witness. With respect to the first criterion, appellant never raised the complaint that his unwarned statements were not voluntarily made; thus, voluntariness is not at issue, and we consider the statements as being voluntarily made.

■ With respect to the second criterion, we must consider whether appellant's unwarned statements had some bearing on his credibility. At trial, appellant asserted his defense theory—via Peterson's testimony— that he believed Haas had received the liquor from his girlfriend and that it was not stolen property. This is contradictory to the statements appellant had made to Agent Fincher, where he stated that he had bought the liquor for a party and then later changed his story, claiming that he had found the liquor on the side of the road.

Thus, we hold that appellant's oral statements made to Agent Fincher had a direct bearing on appellant's credibility as a witness; as such, the statements were admissible under TEX.CODE CRIM.PROC.ANN. art. 38.22(5). Therefore, pursuant to TEX.R.CRIM. EVID. 806 and TEX.CODE CRIM.PROC.ANN. art. 38.22(5), we hold that the trial court properly admitted appellant's unwarned, unrecorded, oral statements in evidence for purposes of impeaching his credibility as a witness. We overrule appellant's second point of error.

By his third point of error, appellant alleges the trial court erred by not suppressing

the liquor confiscated from his truck. Appellant contends that the statute, which authorized Agent Fincher to confiscate the liquor, is over broad, unconstitutional, vague, and inapplicable to appellant. We disagree.

The pertinent sections of the statute to which appellant refers, are TEX. ALCO.BEV.CODE ANN. §§ 1.04(4)(A), 103.03(1), and 107.01 (Vernon 1978). As set forth in section 107.01, it is unlawful for a person to transport liquor on any public street without having in his or her possession a written "statement" indicating the owner, origin, and destination of the liquor. TEX. ALCO.BEV.CODE ANN. § 107.01(a) (Vernon 1978). A person transporting liquor shall show such a written "statement" to a police officer or TABC agent upon demand. *Id.* Such a "statement" serves as prima facie evidence that the person has a legal right to transport the liquor. TEX.ALCO.BEV.CODE ANN. § 107.01(b) (Vernon 1978). Alcoholic beverages transported without a "statement"—in violation of this code—are considered illicit beverages. TEX.ALCO.BEV.CODE ANN. § 1.04(4)(A) (Vernon 1978). Because appellant claimed he did not have the required "statement," any peace officer is authorized to seize illicit beverages without a warrant, just as Agent Fincher did in this case. *See* TEX.ALCO.BEV.CODE ANN. § 103.03(1) (Vernon 1978).

A statute is unconstitutionally vague if it fails to give a person of ordinary intelligence fair notice of forbidden conduct and encourages arbitrary and erratic arrests and convictions. *Leyva v. State,* 635 S.W.2d 910, 911 (Tex.App.1982); *Bates v. State,* 587 S.W.2d 121, 127 (Tex.Crim.App.1979). Those problems do not exist here. Section 107.01 clearly and concisely prohibits any person from transporting liquor without a written "statement." Section 1.04(4) clearly and concisely classifies all liquor transported without a "statement" as illicit beverages. And, section 103.03(1) clearly and concisely sets forth the punitive consequences for transporting liquor without a "statement." This statute is not unconstitutionally vague because forbid-

den conduct can be easily determined and consistently punished. *See Leyva,* 635 S.W.2d at 911.

A statute is unconstitutionally broad if it prohibits constitutionally protected conduct. *Leyva,* 635 S.W.2d at 911; *Bates,* 587 S.W.2d at 128. However, none of the activities prohibited by section 107.01 are constitutionally protected—neither by Texas nor the United States—to such an extent that the activities may not be controlled in the manner specified by the section. *See Leyva,* 635 S.W.2d at 911. We hold that this statute is not overbroad.

Appellant also alleges that the statute is inapplicable to him because, under the circumstances of his case, he falls within the "personal consumption" exception as specified in section 107.08 of the Code. Under section 107.08, "[a] person who purchases an alcoholic beverage for his own consumption may transport if from a place where its sale is legal to a place where its possession is legal without holding a license or permit." TEX.ALCO.BEV.CODE ANN. § 107.08 (Vernon 1978). At trial, appellant had the burden to invoke and prove that he is entitled to this "personal consumption" exception. *Leyva,* 635 S.W.2d at 912; *Dunavin v. State,* 611 S.W.2d 91, 101 (Tex.Crim.App.1981). Appellant failed to do so. The State does not have the duty to negate this exception. *Id.* Therefore, we overrule appellant's third point of error.

By his fourth point of error, appellant alleges that the liquor in his truck was confiscated as a result of a pretext stop and detention; thus, the trial court should have suppressed the liquor as evidence. A "pretext arrest" refers to an objectively valid stop for an allegedly improper reason. *Garcia v. State,* 827 S.W.2d 937, 939 (Tex.Crim.App. 1992). Appellant contends that, although he was stopped for a traffic violation, the stop was a pretext to obtain information about the liquor in his truck.

In *Garcia v. State,* the Texas Court of Criminal Appeals held the "pretext arrest"

doctrine is no longer viable as a matter of Fourth Amendment jurisprudence. *Garcia,* 827 S.W.2d at 944. In its place, the *Garcia* court adopted the following rule: As long as an actual violation occurs, law enforcement officials are free to enforce the laws and detain a person for that violation, regardless of whatever the usual practices or standards of the local law enforcement agency are and regardless of the officer's subjective reasons for the detention. *Id.* (adopting the rule explained in *United States v. Causey,* 834 F.2d 1179 (5th Cir.1987)).

In the instant case, Officer Soliz testified that he had stopped appellant for the traffic violation of failing to signal before turning right. We find that Officer Soliz's stop and detention of appellant for the traffic violation was reasonable under Fourth Amendment principles, regardless of his motive for doing so. *See Garcia,* 827 S.W.2d at 944. We overrule appellant's fourth point of error.

By his first point of error, appellant argues the trial court erred by refusing to disclose the identity of the confidential police informant who had tipped Officer Pacheco. Appellant contends that the trial court should have conducted an *in camera* hearing to determine whether the informant should have been required to testify at trial. We disagree.

During a hearing on appellant's pre-trial suppression motion, Officer Pacheco refused to answer questions about the informant and invoked the confidential informant privilege as permitted under Texas Rule of Criminal Evidence 508(b). The trial court acknowledged the privilege.

Although Texas Rule of Criminal Evidence 508 affords the State the privilege of not revealing the identity of a confidential source, paragraph (c) of Rule 508 provides three exceptions. The privilege does not apply (1) if the informant's identity at some point has been voluntarily disclosed, (2) if the informant may be able to give testimony necessary to a fair determination of guilt, or (3) if the judge is not satisfied that information obtained from an informant is reason-

ably believed to be reliable. TEX.R.CRIM. EVID. 508(c). The second exception to the confidential informant privilege is implicated here.

 The second exception requires there be a reasonable probability that the informant can give testimony necessary to a fair determination of the issues of guilt or innocence. TEX.R.CRIM.EVID. 508(c)(2); *Anderson v. State,* 817 S.W.2d 69, 71 (Tex. Crim.App.1991); *Bodin v. State,* 807 S.W.2d 313, 317–18 (Tex.Crim.App.1991). The defendant has the threshold burden of demonstrating the identity of the informant must be disclosed. *Bodin,* 807 S.W.2d at 318. The defendant must demonstrate the informant's potential testimony would significantly aid the defendant and mere conjecture or supposition about possible relevancy is insufficient. *Id.* Further, the defendant is required to make only a plausible showing of how the informer's information may be important since the defendant may not actually know the nature of the informer's testimony. *Id; see also Anderson,* 817 S.W.2d at 71. Evidence from any source may be presented to make the required plausible showing that the informer's identity must be disclosed. *Bodin,* 807 S.W.2d at 318. Only after the defendant makes such a plausible showing, is the trial court required to hold an *in camera* hearing to determine whether disclosure is necessary. *Brokenberry v. State,* 853 S.W.2d 145, 148 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd); *Mills v. State,* 847 S.W.2d 453, 457 (Tex.App.—Eastland 1993, pet. ref'd); *Smith v. State,* 781 S.W.2d 418, 421 (Tex.App.—Houston [1st Dist.] 1989, no pet.).

 In the case at bar, at the pre-trial suppression hearing, the State indicated the informant saw two men soliciting buyers for the liquor. Appellant argued the informer's testimony was material and necessary to aid his defense against the felony theft charge, for the sole reason that the informant could testify as to whether appellant was trying to sell the liquor. Appellant's argument is off point.

Appellant was not charged with selling liquor; rather, he was charged with felony

theft of the liquor. Appellant presented no evidence whatsoever that the informant was present or participated in the act of which appellant was charged—the theft. Here, the issue of whether appellant was attempting to sell the liquor has no bearing on the felony theft for which appellant was charged. Thus, the informant's potential testimony concerning who was attempting to sell the liquor would not have shed any light in determining whether appellant was guilty of committing theft. We hold the appellant failed to meet his burden of demonstrating that the identity of the informant must be disclosed. Thus, the trial court was not required to conduct an *in camera* hearing for purposes of determining whether it should reveal the informant's identity. We overrule appellant's first point of error.

Accordingly, we AFFIRM the judgment of the trial court.