

NUMBER 13-08-00089-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

GREGORY DEON GRIFFIN,                                    Appellant,

v.

THE STATE OF TEXAS,                                    Appellee.

On appeal from the 103rd District Court
of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Vela
Memorandum Opinion by Justice Rodriguez**

Appellant, Gregory Deon Griffin, appeals from a conviction for possession of less than fifty pounds but more than five pounds of marihuana. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(a), (b)(4) (Vernon 2003). After Griffin pleaded guilty, the trial court sentenced him to five years' probation and certified that he had a right to appeal. By one

issue, Griffin contends that the trial court should have granted his motion to suppress evidence. We affirm.

## I. SUPPRESSION HEARING

Investigator Jose F. Garcia, a witness for the State, is a member of a Special Investigations Unit that focuses on "violations of the drug laws" and tries "to intercept narcotics leaving the Rio Grande Valley." After receiving a call that a package contained marihuana, Garcia went to pick up the package at a Federal Express store located at the Harlingen Airport. According to Garcia, this particular Federal Express store is a high narcotics trafficking location, especially during the last hour before closing. He had been at that location before for similar marihuana seizures.

Garcia testified that, after he picked up the package containing the marihuana, he saw Griffin and Patrick Moody standing outside of the store. Two boxes, which Garcia described as "regular brown cardboard boxes, probably about 24 by 30 inches by 24 inches, more or less," were on the ground between Griffin and Moody. After attempting to ship one of the boxes unsuccessfully, Moody and Griffin placed both boxes in the rear hatchback of a rented Toyota Highlander.

Based on his observations and a tip from a Federal Express employee that a man matching Moody's description was dropping off some suspicious boxes, Garcia contacted Investigator Raul Flores, Jr., and instructed him to follow the Toyota Highlander driven by Griffin. Flores testified that after, he arrived at the store, he saw Griffin open the back of a Toyota Highlander and place two boxes inside. Flores stated that he followed the Highlander from the Federal Express parking lot to the intersection of Ed Carey Drive and

2

Grimes Road, where it entered the parking lot of a convenience store. The Highlander did not stop at the store but instead proceeded onto Grimes Road.

The posted speed limit on Grimes Road is forty-five miles per hour. Once on Grimes Road, Griffin began speeding. Flores estimated that Griffin was traveling at a rate of over eighty miles per hour. He further stated that, while pursuing Griffin's vehicle, he observed it decelerate at the intersection of Grimes and FM 509, which he described as a "'T' intersection." Officer Juan Roberto Rodriguez then stopped Griffin for speeding. When Garcia arrived, Flores informed him that the boxes were no longer in the vehicle, its back seat was down, he smelled masking agents (dryer sheets and mothballs),[1] and both Griffin and Moody claimed they had no knowledge of the boxes.

Flores and Garcia testified that they began searching for the boxes on the route taken by Griffin. Approximately ten minutes later, Flores found two boxes about five feet away from the stop sign at the intersection of Grimes and FM 509. Flores stated that the boxes appeared similar to the boxes Griffin and Moody had at the Federal Express store. A K-9 unit was dispatched, and the dog alerted that the boxes contained narcotics. Flores opened one box and found marihuana wrapped in black plastic bags and duct tape, along with dryer sheets and mothballs. Griffin was arrested.

After hearing the evidence, the trial court denied Griffin's motion to suppress the stop of his vehicle and the evidence obtained from the search of the boxes.[2] Griffin

---

[1] Both investigators testified that drug traffickers commonly use fabric softeners/dryer sheets to mask the odor of the drugs in packages.

[2] Griffin also requested the suppression of statements he made to police after being arrested. The trial court granted that part of his motion; therefore, it is not an issue in this appeal.

pleaded guilty and was sentenced to five years' probation. The trial court certified Griffin's right to appeal the denial of his motion to suppress.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

We review a trial court's decision on a motion to suppress evidence for abuse of discretion. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). In reviewing the trial court's decision, we view the record in the light most favorable to the trial court's ruling and afford almost total deference to the trial court's determination of historical facts; however, we review de novo the trial court's application of the law of search and seizure to those facts. *Wiede v. State*, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007); *Dixon*, 206 S.W.3d at 590; *Guzman v. State*, 955 S.W.2d 87, 89 (Tex. Crim. App. 1997).

"Stopping an automobile and detaining its occupants constitutes a 'seizure' within the meaning of the Fourth Amendment. A peace officer's decision to stop an automobile is reasonable under the Fourth Amendment when the officer has probable cause to believe the driver committed a traffic offense." *Morrison v. State*, 71 S.W.3d 821, 827 (Tex. App.–Corpus Christi 2002, no pet.) (citations omitted). Because this is an objective standard, the subjective intent of the officer making the stop is irrelevant, and therefore, we must only determine whether there was an objective basis for the stop. *Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001); *see Crittenden v. State*, 899 S.W.2d 668, 674 (Tex. Crim. App. 1995) (holding that "an objectively valid traffic stop is not unlawful under Article I, § 9, just because the detaining officer had some ulterior motive for making it").

Furthermore, a police officer may temporarily detain a person if the police officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead the officer to reasonably conclude that the person is, has been, or soon will be

4

engaged in criminal activity  *Balentine v. State*, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002).  We determine whether the officer had a reasonable suspicion to detain the person by considering the totality of the circumstances.  *Garcia*, 43 S.W.3d at 530.

### III. ANALYSIS

By his sole issue, Griffin contends that the trial court should have granted his motion to suppress the marihuana because (1) the police officers did not have reasonable suspicion to stop him and (2) his continued detention after being stopped was unreasonable.

Griffin concedes that if an officer makes a valid traffic stop, the existence of another motive for the stop is irrelevant.  *See Garcia v. State*, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992); *see also Crittenden*, 899 S.W.2d at 674.  Here, Flores observed Griffin going in excess of eighty miles per hour on a road with a posted speed limit of forty-five miles per hour.  Based on Flores's testimony, the trial court concluded that Griffin committed a traffic violation, thus providing the officers with probable cause to conduct a traffic stop.  We find that the initial traffic stop of Griffin was reasonable under Fourth Amendment principles because Griffin committed a traffic offense in Flores's presence.  *See Garcia*, 827 S.W.2d at 944 (providing that a law enforcement officer may lawfully stop and detain a person for a traffic violation committed in the officer's presence); *Appling v. State*, 904 S.W.2d 912, 916-17 (Tex. App.–Corpus Christi 1995, pet. ref'd) (finding that the stop and detention of appellant for the traffic violation was reasonable under Fourth Amendment principles, regardless of the officer's motive for doing so).

Next, Griffin argues that once the purpose for the traffic stop had ceased, the officers had no reasonable suspicion upon which to detain him.  We disagree.

5

Flores identified the following factors that gave rise to his reasonable suspicion: (1) Griffin was driving at a high rate of speed; (2) Griffin attempted to elude him; (3) Flores detected the odor of mothballs and dryer sheets in the vehicle; (4) the two boxes that Griffin placed in the back of the Highlander were no longer there; (5) Griffin and Moody lied to him when they claimed they did not know anything about the two boxes; and (6) he found two boxes similar to the ones he observed Griffin place in the Highlander at the intersection where Griffin slowed down to turn. Considering the totality of the circumstances, *see Garcia*, 43 S.W.3d at 530, we conclude that these factors constituted sufficient specific and articulable facts, when coupled with the reasonable inferences therefrom, to reasonably justify Griffin's further detention. *See Balentine*, 71 S.W.3d at 768. Accordingly, the trial court did not abuse its discretion in concluding that the investigators had reasonable suspicion to detain Griffin. *See Dixon*, 206 S.W.3d at 590; *Balentine*, 71 S.W.3d at 769. We overrule Griffin's sole issue.

### IV. CONCLUSION

We affirm.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this 28th day of August, 2008.

6