NUMBER 13-08-00089-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


GREGORY DEON GRIFFIN, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 103rd District Court 

of Cameron County, Texas.

 


MEMORANDUM OPINION


Before Justices Rodriguez, Garza, and Vela 


Memorandum Opinion by Justice Rodriguez



 Appellant, Gregory Deon Griffin, appeals from a conviction for possession of less
than fifty pounds but more than five pounds of marihuana. See Tex. Health & Safety
Code Ann. § 481.121(a), (b)(4) (Vernon 2003). After Griffin pleaded guilty, the trial court
sentenced him to five years' probation and certified that he had a right to appeal. By one
issue, Griffin contends that the trial court should have granted his motion to suppress
evidence. We affirm.

I. Suppression Hearing Investigator Jose F. Garcia, a witness for the State, is a member of a Special
Investigations Unit that focuses on "violations of the drug laws" and tries "to intercept
narcotics leaving the Rio Grande Valley." After receiving a call that a package contained
marihuana, Garcia went to pick up the package at a Federal Express store located at the
Harlingen Airport. According to Garcia, this particular Federal Express store is a high
narcotics trafficking location, especially during the last hour before closing. He had been
at that location before for similar marihuana seizures.

 Garcia testified that, after he picked up the package containing the marihuana, he
saw Griffin and Patrick Moody standing outside of the store. Two boxes, which Garcia
described as "regular brown cardboard boxes, probably about 24 by 30 inches by 24
inches, more or less," were on the ground between Griffin and Moody. After attempting
to ship one of the boxes unsuccessfully, Moody and Griffin placed both boxes in the rear
hatchback of a rented Toyota Highlander.

 Based on his observations and a tip from a Federal Express employee that a man
matching Moody's description was dropping off some suspicious boxes, Garcia contacted
Investigator Raul Flores, Jr., and instructed him to follow the Toyota Highlander driven by
Griffin. Flores testified that after, he arrived at the store, he saw Griffin open the back of
a Toyota Highlander and place two boxes inside. Flores stated that he followed the
Highlander from the Federal Express parking lot to the intersection of Ed Carey Drive and
Grimes Road, where it entered the parking lot of a convenience store. The Highlander did
not stop at the store but instead proceeded onto Grimes Road.

 The posted speed limit on Grimes Road is forty-five miles per hour. Once on
Grimes Road, Griffin began speeding. Flores estimated that Griffin was traveling at a rate
of over eighty miles per hour. He further stated that, while pursuing Griffin's vehicle, he
observed it decelerate at the intersection of Grimes and FM 509, which he described as
a "'T' intersection." Officer Juan Roberto Rodriguez then stopped Griffin for speeding. 
When Garcia arrived, Flores informed him that the boxes were no longer in the vehicle, its
back seat was down, he smelled masking agents (dryer sheets and mothballs), (1) and both
Griffin and Moody claimed they had no knowledge of the boxes.

 Flores and Garcia testified that they began searching for the boxes on the route
taken by Griffin. Approximately ten minutes later, Flores found two boxes about five feet
away from the stop sign at the intersection of Grimes and FM 509. Flores stated that the
boxes appeared similar to the boxes Griffin and Moody had at the Federal Express store. 
A K-9 unit was dispatched, and the dog alerted that the boxes contained narcotics. Flores
opened one box and found marihuana wrapped in black plastic bags and duct tape, along
with dryer sheets and mothballs. Griffin was arrested.

 After hearing the evidence, the trial court denied Griffin's motion to suppress the
stop of his vehicle and the evidence obtained from the search of the boxes. (2) Griffin
pleaded guilty and was sentenced to five years' probation. The trial court certified Griffin's
right to appeal the denial of his motion to suppress.

II. Standard of Review and Applicable Law

 We review a trial court's decision on a motion to suppress evidence for abuse of
discretion. State v. Dixon, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). In reviewing the
trial court's decision, we view the record in the light most favorable to the trial court's ruling
and afford almost total deference to the trial court's determination of historical facts;
however, we review de novo the trial court's application of the law of search and seizure
to those facts. Wiede v. State, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007); Dixon, 206
S.W.3d at 590; Guzman v. State, 955 S.W.2d 87, 89 (Tex. Crim. App. 1997).

 "Stopping an automobile and detaining its occupants constitutes a 'seizure' within
the meaning of the Fourth Amendment. A peace officer's decision to stop an automobile
is reasonable under the Fourth Amendment when the officer has probable cause to believe
the driver committed a traffic offense." Morrison v. State, 71 S.W.3d 821, 827 (Tex.
App.-Corpus Christi 2002, no pet.) (citations omitted). Because this is an objective
standard, the subjective intent of the officer making the stop is irrelevant, and therefore,
we must only determine whether there was an objective basis for the stop. Garcia v. State,
43 S.W.3d 527, 530 (Tex. Crim. App. 2001); see Crittenden v. State, 899 S.W.2d 668, 674
(Tex. Crim. App. 1995) (holding that "an objectively valid traffic stop is not unlawful under
Article I, § 9, just because the detaining officer had some ulterior motive for making it").

 Furthermore, a police officer may temporarily detain a person if the police officer has
specific, articulable facts that, when combined with rational inferences from those facts,
would lead the officer to reasonably conclude that the person is, has been, or soon will be
engaged in criminal activity Balentine v. State, 71 S.W.3d 763, 768 (Tex. Crim. App.
2002). We determine whether the officer had a reasonable suspicion to detain the person
by considering the totality of the circumstances. Garcia, 43 S.W.3d at 530.

III. Analysis

 By his sole issue, Griffin contends that the trial court should have granted his motion
to suppress the marihuana because (1) the police officers did not have reasonable
suspicion to stop him and (2) his continued detention after being stopped was
unreasonable.

 Griffin concedes that if an officer makes a valid traffic stop, the existence of another
motive for the stop is irrelevant. See Garcia v. State, 827 S.W.2d 937, 944 (Tex. Crim.
App. 1992); see also Crittenden, 899 S.W.2d at 674. Here, Flores observed Griffin going
in excess of eighty miles per hour on a road with a posted speed limit of forty-five miles per
hour. Based on Flores's testimony, the trial court concluded that Griffin committed a traffic
violation, thus providing the officers with probable cause to conduct a traffic stop. We find
that the initial traffic stop of Griffin was reasonable under Fourth Amendment principles
because Griffin committed a traffic offense in Flores's presence. See Garcia, 827 S.W.2d
at 944 (providing that a law enforcement officer may lawfully stop and detain a person for
a traffic violation committed in the officer's presence); Appling v. State, 904 S.W.2d 912,
916-17 (Tex. App.-Corpus Christi 1995, pet. ref'd) (finding that the stop and detention of
appellant for the traffic violation was reasonable under Fourth Amendment principles,
regardless of the officer's motive for doing so).

 Next, Griffin argues that once the purpose for the traffic stop had ceased, the
officers had no reasonable suspicion upon which to detain him. We disagree.

 Flores identified the following factors that gave rise to his reasonable suspicion: (1)
Griffin was driving at a high rate of speed; (2) Griffin attempted to elude him; (3) Flores
detected the odor of mothballs and dryer sheets in the vehicle; (4) the two boxes that
Griffin placed in the back of the Highlander were no longer there; (5) Griffin and Moody lied
to him when they claimed they did not know anything about the two boxes; and (6) he
found two boxes similar to the ones he observed Griffin place in the Highlander at the
intersection where Griffin slowed down to turn. Considering the totality of the
circumstances, see Garcia, 43 S.W.3d at 530, we conclude that these factors constituted
sufficient specific and articulable facts, when coupled with the reasonable inferences
therefrom, to reasonably justify Griffin's further detention. See Balentine, 71 S.W.3d at
768. Accordingly, the trial court did not abuse its discretion in concluding that the
investigators had reasonable suspicion to detain Griffin. See Dixon, 206 S.W.3d at 590;
Balentine, 71 S.W.3d at 769. We overrule Griffin's sole issue.

IV. Conclusion

 We affirm.

 

 NELDA V. RODRIGUEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 28th day of August, 2008.
1. Both investigators testified that drug traffickers commonly use fabric softeners/dryer sheets to mask
the odor of the drugs in packages.
2. Griffin also requested the suppression of statements he made to police after being arrested. The
trial court granted that part of his motion; therefore, it is not an issue in this appeal.